CHARLES HAUSELT, APPELLANT, *v.* ELIZABETH PATTERSON AND ANOTHER, RESPONDENTS.

*An heir or devisee, accepting an inheritance or devise, is personally bound to pay a mortgage on the premises.*

The provision of the Revised Statutes, that whenever any real estate, subject to a mortgage executed by an ancestor or testator, shall descend to an heir or pass to a devisee, such devisee or heir shall satisfy or discharge such mortgage out of his own property, without resorting to the executor or administrator of his ancestor or testator, imposes a personal and individual liability upon the heir or devisee accepting the inheritance or devise to pay the mortgage.

APPEAL by the plaintiff from judgment of the New York Special Term, entered in the office of the clerk of the county of New York June 6, 1888, dismissing complaint.

*Lewis Sanders*, for the appellant.

*P. Stevenson* and *Christopher Fine*, for the respondents.

VAN BRUNT, P. J. :

In December, 1854, one John H. McCunn made and executed his bond in the penal sum of $10,000 to the City Fire Insurance Company, conditioned for the payment of $5,000, which bond was secured by a mortgage upon premises 406 West Twenty-third street in the city of New York. In July, 1872, McCunn, being a resident of the city of New York, died seized in fee of said premises, and also of other real estate, in value over its incumbrances of nearly $300,000. The said McCunn left him surviving certain heirs-at-law upon whom this real estate descended. Such heirs accepted such real estate, having subsequently executed conveyances of interest therein.

In August, 1873, the City Fire Insurance Company commenced an action for the foreclosure of this mortgage, making the executors heirs at-law, etc., of said McCunn, defendants, and such proceedings were had that a judgment of foreclosure of the premises mortgaged was rendered.

The premises were sold, and after payment of taxes and liens and the costs and expenses of foreclosure nothing remained out of the

proceeds applicable to the payment of the bond and mortgage; and, in November, 1881, a judgment for deficiency of $7,606.54 was duly entered in favor of the plaintiff against the executors of said McCunn. This action was commenced in July, 1885, against the heirs of said McCunn and their successors to recover the amount of said deficiency. Subsequent to the commencement of said action leave was granted to the plaintiff to maintain the action, and said order was entered *nunc pro tunc* as of the date of the original bringing of the suit. Upon the trial the complaint was dismissed, and from the judgment thereupon entered this appeal is taken.

The ground upon which the plaintiff seeks to maintain his action against the heirs of McCunn is, that such right of action is given by section 4 (vol. 1, p. 749) of the Revised Statutes, which is as follows : "Whenever any real estate subject to a mortgage executed by any ancestor or testator shall descend to an heir or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator that such mortgage be otherwise paid." It is to be observed that the liability created by this section is entirely separate and distinct from that which is created by section 32 (vol. 2, p. 452) of the Revised Statutes, which makes the heirs and devisees of every person who have died, respectively, liable for the debts of such persons to the extent of the estate which shall have descended or been devised to them by such person.

In the case at bar it is urged that the heirs of John H. McCunn, by accepting the real estate which descended to them upon his death, became personally and individually liable, by force of the section first above referred to, for the amount secured by the mortgage upon the premises in question.

It seems to us that a very brief consideration of the relation of the parties to this real estate and the obligations raised by the statute will show that the contention of the plaintiff is well founded. It seems to be clear that the mortgagee had a right to collect the amount due upon this bond from the estate of John H. McCunn, and that the fact that he had a mortgage to secure said bond would be no defense to any such claim. Under the decisions where this section came in question, it is distinctly intimated that it was not the

design of this statute to deprive a party of his right to enforce this personal liability. It is distinctly asserted that the creditor has the right to pursue his remedy as though that statute had never existed, against the estate of the deceased obligor in the bond. ( *Wright* v. *Holbrook*, 32 N. Y., 589.)

It is asserted that the sole object of the statute was to change the rule of the common law under which the heir and devisee had a right to call upon the representative of the decedent to pay off the mortgage. This being the case, the holder of the bond and mortgage having the right to collect from the estate of the deceased obligor if he so desired, let us see for a moment what obligation then arose between the estate of the deceased and the persons upon whom the real estate had descended. It is clear that the estate of the deceased person would have a right, after having paid the amount of this bond and mortgage, to recover the same, by force of the statute in question, from the heirs-at-law of the deceased, because the heirs, under these circumstances, had received the real estate and had not complied with the obligations which the statute had imposed upon them, namely, to discharge the indebtedness out of their own property. The personal estate of the deceased mortgagor had become only secondarily liable, and the primary liability for the discharge of this mortgage was upon the persons who had received the real estate upon which it was a charge ; and the estate, having paid this amount at the demand of the creditor, had undoubtedly its action over against the heirs to recover back the amount.

This condition is plainly suggested in the section already cited. Such being the legal rights of the parties, in case the holder of the bond and mortgage seeks to recover from the estate of the deceased obligor, it is clear that there is an obligation upon the part of the heirs to pay and discharge this debt, and such obligation naturally runs to the holder of the obligation for the debt, although the holder might resort to the original debtor and recover from him, yet thereby the obligation of the heir to pay is not discharged. We have, then, a case of an obligation upon the part of the heir to pay which has been created by the statute upon the heir's acceptance of the real estate which has descended to him, and this necessarily implies an obligation to pay to the person who owns the debt. We have, then, a case entirely within the provisions of the case of

*Lawrence* v. *Fox* (20 N. Y., 268) ; and it is no answer to the claim upon the part of the creditor, who seeks to enforce this statutory liability directly from the heir, to assert that there is no privity of contract between them. This is an obligation arising under the statute in favor of the creditor, and the creditor has the same right to pursue the same directly as though the heir had received this real estate from the representatives of the deceased upon a distinct contract to pay the debt. This obligation is personal to the heir, and if he accepts the real estate descended upon him and exercises rights of ownership, he takes it with the obligation created by this statute and which he can only discharge by the payment of the debt. This obligation creates no lien of itself upon the real estate mortgaged, or upon any real estate of the testator which has descended, but is simply a contract obligation to pay a debt existing. So far as liability under this statute was concerned, the grantees or devisees or heirs-at-law of such heir are not responsible. The estate of an heir-at-law is undoubtedly liable as it would be for any other contract debt of such heir, but such liability, as has been already observed, does not follow the real estate of the mortgagor, except so far as it may be specially pledged by the mortgage itself.

We are aware of the authorities cited upon both sides in support of the various contentions which have been presented upon this appeal. But it does not seem that the question has been suggested before, or that it has ever been adjudicated upon. The obligations arising under this section seem to be so clear that the only conclusion which can be arrived at is the one which has been above suggested.

The judgment, therefore, so far as it dismissed the complaint against any one of the heirs of John H. McCunn, who were living at the time of his death, or the personal representatives of any such heirs as have died, was erroneous and must be reversed, with costs to the appellant to abide the event. And the judgment, so far as it dismissed the complaint as to any of the grantees of any one of those heirs and their devisees or heirs, must be affirmed, with costs.

DANIELS and BARTLETT, JJ., concurred.

Judgment ordered as directed in opinion.