HAUSELT *v.* PATTERSON *et al.*

*(Supreme Court, General Term, First Department.* July 18, 1890.)

DESCENT AND DISTRIBUTION—LIABILITY OF HEIR—INCUMBRANCES.

Under 1 Rev. St. N. Y. p. 749, § 4, providing that, whenever any real estate subject to a mortgage shall descend to the heir of the mortgagor, he shall discharge such mortgage himself, without resorting to his ancestor's estate, unless the mortgage debt is directed by the ancestor's will to be paid from his estate, the mortgagee can maintain an action for the amount of a deficiency judgment directly against the heir.

Appeal from special term, New York county.

Action by Charles Hauselt against Elizabeth Patterson and others. From a judgment for plaintiff, defendants appeal. For former report, see 4 N. Y. Supp. 772.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Preston Stevenson,* for appellants. *Lewis Sanders,* for respondent.

BARTLETT, J. That this action is maintainable by the plaintiff to enforce the personal obligation of the heirs at law or devisees of the mortgagor to pay the amount of the mortgage has already been decided by this court. *Hauselt* v. *Patterson,* 4 N. Y. Supp. 772. The judge before whom the second trial was had, which this appeal now brings up for review, was quite right in holding, as a necessary result of that decision, that the present appellants are liable to the plaintiff in this action. Although nothing was said in the opinion then delivered as to the affirmative defenses set up in the answer, they were not overlooked at that time. As to the statute of limitations, it was thought that it did not constitute a bar to a suit against the heirs or devisees so long as it had not run against the original mortgagor or his representatives. As to the plea of a former adjudication, it was considered that the cause of action in the suit in the court of common pleas was different from that in the case at bar; and, furthermore, that the judgment therein was not rendered upon the merits. Code Civil Proc. § 1209. And, as to the objection that there could be no judgment against the defendant Stevenson to charge him as the personal representative of one of the heirs of the mortgagor, the view on the former appeal was that, under the findings made upon the first trial, (which constitute a part of the agreed statement of facts put in upon the second trial,) it sufficiently appeared that the defendant Stevenson represented the deceased heir as a trustee under her will in such a sense as to make the obligation to pay the mortgage enforceable against him. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurs.

BARRETT, J. If I had taken part in the decision of the original appeal in this case (*Hauselt* v. *Patterson,* 4 N. Y. Supp. 772) I should have felt constrained to dissent from the conclusions there arrived at; and, if this were now an original question, I should express my views against the right of the plaintiff to enforce the personal obligation of the heirs at law or devisees of the mortgagor to pay the amount of the mortgage. But, as the trial judge was bound to follow that decision, I concur in the affirmance of his judgment.