JOHN S. WRIGHT, Respondent, *v.* WILLIAM H. HOLBROOK, Executor, and ELIZABETH T. HOLBROOK, Executrix, of Darius B. Holbrook, deceased, Appellants.

"Whenever any real estate, subject to a mortgage executed by an ancestor or testator, shall descend to an heir, or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator, unless there be an express direction in the will of such testator that such mortgage be otherwise paid." (1 R. S., p. 749, § 4.)

The object of this statute was to change the rule of the common law under which the heir or devisee had the right to call upon the representative of the decedent to pay off the mortgage.

This statute does not apply to an equitable lien growing out of a contract of purchase of real estate.

Where there is a personal liability by contract to which the mortgage is a collateral security, this statute does not deprive the party of his right of action upon the contract.

In case of unpaid purchase-money of real estate, the heir or devisee has a right to have the same paid out of the personal estate of the decedent.

APPEAL from the Superior Court of the city of New York. On the trial, the court ruled that plaintiff was entitled to a judgment upon the pleadings, and thereupon directed a verdict for plaintiff. The complaint is upon a promissory note made by the testator for $8,000, and contains the averments necessary to show a right of action against the defendants. The answer alleges, in substance, that the note was given for the purchase price of certain lands situate in Brookline, in the State of Massachusetts, and sets forth a contract of purchase and sale between the said plaintiff and said testator, whereby the former agrees to convey the said lands to the latter on payment of said purchase price; and containing a provision to the effect that, in case of default of such payment, such plaintiff should have the right to sell said lands at public auction three months after said note should fall due, and apply the proceeds of such sale to the payment of such note and expenses of the sale, and if any surplus should accrue, to pay the same to said testator. The answer also

contained other allegations not material to any question now raised.

*A. W. Bradford*, for the appellants.

By the terms of the contract of purchase, the equitable title vested in the purchaser, subject to be defeated only in case of non-payment of the note, and the exercise, by the plaintiff, of the power of sale contained in the agreement.

The effect of the whole agreement, taking the note as a part thereof, was to vest in the plaintiff an equitable mortgage on the land, which could be foreclosed only by decree in equity or by the execution of the power of sale contained in the agreement.

. Hence, the rights of the parties, and their remedies, were precisely the same as though the plaintiff had conveyed to the purchaser and taken back a bond and mortgage. (Story, Eq. Jur., § 1217, p. 440 ; 4 Kent. Com., § 58, p. 144, 151, 3d ed., and cases cited.) The case is to be treated, then, as an action against executors, on a bond secured by a mortgage. (*Neate* v. *Duke of Marlborough*, 3 My. & Cr., 407, &c. ; Bac. Abr., Heir and Ancestor, H. 1 ; 2 Tidd's Pr., 9th ed., 936, &c.)

The testator being domiciled here, the law of this State affords the rule of administration of the personal assets. (See 2 Sandf. Ch., 173 ; Story's Conf. of Laws, § 485–487 ; *Lyman* v. *Parsons*, 2 N. Y., 103.)

The effect of the statute (1 R. S., 749, § 4), is to throw the payment of the mortgage in the first instance, on the land as the primary fund, so that the holder of the mortgage must exhaust his remedy upon the land before resorting to the personal estate.

· *F. N. Bangs*, for the respondent.

The only question in this forum is whether the note was a valid obligation of the testator, imposing a personal liability upon him, and whether the matters stated in the answer discharged the obligation.

Although the Code admits equitable defenses in what are properly termed actions at law, the answer herein does not

set up even an equitable defense. At most it only asserts, by way of bar to an action on a promissory note, that a state of facts may exist which require the testator's assets to be marshaled, so as to exonerate his personal estate, in whole or in part, from the payment of this demand.

This case is not within the terms of the section of the statute (1 R. S., 749, § 4). *There is no mortgage executed by the ancestor, etc.*

DAVIS, J. The question in this case is, whether the plaintiff was bound to sell the land according to the provisions of the contract, and apply the proceeds upon the note, before he could maintain an action upon it. No such sale and application have been made. It is insisted that the plaintiff's rights under the contract were those only of an equitable mortgagee; that the whole equitable and beneficial title of the lands was in the testator, and has descended to his heirs; and that, by statute, the heirs are bound to discharge such mortgage out of their own property, the effect of which is to throw the payment of the mortgage in the first instance on the land as the primary fund or security, so that the holder of the mortgage must exhaust his remedy upon the land before resorting to the personal estate.

The statute relied upon (1 R. S., 749, § 4) is as follows: "Whenever any real estate, subject to a mortgage executed by an ancestor or testator, shall descend to an heir or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own property, without resorting to the executor or administrator, unless there be an express direction in the will of such testator that such mortgage be otherwise paid."

The sole object of the statute was to change the rule of the common law, under which the heir or devisee had the right to call upon the representative of the decedent to pay off the mortgage. It is not perceived how it can be construed to prevent an action upon the note in this suit. It does not, by its terms, purport to affect the rights of creditors, but simply to establish a rule of liability as between devisees or heirs

and the personal representatives. Where there is, as in this case, a personal liability by contract, to which the mortgage is a collateral security, it was not the design of the statute to deprive the party of his right to enforce that liability; nor was it intended to compel a resort to any mode of marshaling assets for the purpose of adjusting the equities as between the representatives and third parties.

Assuming, therefore, that the contract between plaintiff and the testator created the relation of mortgagor and mortgagee within the meaning of the statute, and that the lands mentioned in the contract have descended to heirs, still the statute is not applicable to control the right of plaintiff to enforce the note on which this suit is brought, whatever equities may spring up hereafter between the defendants and such heirs.

But it seems to me to be pretty distinctly settled that the statute does not apply to an equitable lien growing out of a contract of this nature. The note in suit was for purchase-money remaining unpaid for lands purchased by the testator and held by him at the time of his death. The equitable mortgage grows out of the fact that such purchase-money remains unpaid, and not by reason of any particular virtue in the clause of the contract providing for a sale. That was merely a speedy and easy mode, by stipulation of parties, of cutting off all equities of the purchaser in case of his default. It has often been held, both before and since the statute, that in case of such unpaid purchase-money the heir or devisee is entitled to have the same paid out of the personal property. (Dart on Vend. and Purch., 125; *Broome* v. *Monck*, 10 Ves., 596; *Livingston* v. *Newkirk*, 3 Johns. Ch., 312; *Cogswell* v. *Cogswell*, 2 id., 231; *Johnson* v. *Corbett*, 11 Paige, 265; *Lamport* v. *Beeman*, 34 Barb., 239.)

These views render it unnecessary to consider the question whether we could compel the plaintiff to resort to his equitable lien upon lands descended under the laws of Massachusetts, and not subject to be affected by any statute of our State.

I think the judgment should be affirmed.

Judgment affirmed.