FRANK CHAMBERLAIN, Respondent, *v.* ROBERT DUNLOP, as Executor, etc., Appellant.

A lease for a term of five years contained a provision for an extension thereof for two years, provided the lessee, three months before the expiration of the original term, gave the lessor a written notice of his desire to so extend it. The lessee served a notice, in writing, as prescribed, adding that, if the lessor chose, they would regard the lease as extended two years and a half. The lessor answered acknowledging the lessee's right to an extension for two years, but refused to grant the extension for the extra six months. *Held*, that the notice was sufficient to extend the term for the two years.

The lease contained a provision binding the lessor, in case the buildings upon the premises were destroyed by fire, to rebuild "with all reasonable promptness." The extended term expired November 1, 1883. In October, 1882, the lessor died intestate as to the premises leased, but leaving a will; also leaving a widow, who had a right of dower in the premises, and several heirs at law, one of whom was a minor. Thereafter one W., who held a power of attorney, executed by all the heirs

except the minor, made an agreement with the plaintiff, the lessee, for a new lease of the premises for a term of five years from May 1, 1883, plaintiff to have all the interest of all the parties succeeding to that of the original lessor. On March 3, 1883, W. delivered to plaintiff a lease for the term specified, executed by him as attorney, and which pur· ported to grant the interest of all the heirs for the term. Plaintiff had no personal knowledge as to who succeeded to the interest of the ·deceased lessor, and he received the new lease supposing it covered the interests of all parties having an interest in the ·premises. On the same ·day the buildings on the premises were destroyed by fire. In an action brought against the executor of said will for breach of the covenant to ·rebuild contained in the original lease, *held*, that said lease was never in fact or in law surrendered by reason of what occurred in reference to the new lease; that as there was never any valid acceptance or any entry under the new lease, it never became operative and the old lease remained in force.

Also *held*, that a motion for a nonsuit, based upon the ground that the executor had no power to rebuild and could not compel the heirs so to do, was properly denied.

A party making a contract is presumed to intend ·to bind his executors and administrators, unless it is of such a nature as calls for some personal quality of the testator, or the wording of it is such as clearly to show a contrary intent.

Where one contracts to build upon land owned by him a house for another by a certain time and dies before that time, his executors are bound to perform the contract. If the land descends to heirs the covenant remains in force, and if the executor cannot compel the heirs to permit the building he is liable for the damages, if he have assets from which to pay them.

*It seems* that where a party has entered into a contract to purchase real estate and dies before it is conveyed to him and before he has paid for it, his heir or devisee is entitled to have his executor pay for it out of the personal estate

The buildings destroyed were a mill and elevator. Upon the trial plaintiff, after he had testified as to the character and extent of his business, was allowed to testify as to the value of the lease for the time he would have been in possession after the premises had been rebuilt and before the lease had expired. *Held*, no error.

·One F., an architect, was allowed to testify as to whether the rebuilding could have been done in a certain time without dangerous haste. *Held*, no error.

(Argued February 27, 1891; decided March 10, 1891.)

APPEAL from judgment of the General Term of the Supreme ·Court in the third judicial department, entered upon an order

made September 10, 1889, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages for an alleged breach of contract to rebuild contained in a lease.

On July 24, 1876, Robert Dunlop, defendant's testator, executed to plaintiff a lease of certain premises for the term of five years from November 1, 1876, with a privilege, upon giving written notice three months before the expiration of the term, of extending the same for two years. Said lease contained a covenant on the part of the lessor, in case the premises were destroyed by fire, to rebuild them "with all reasonable promptness," the rent to be suspended during such rebuilding. On July 23, 1881, plaintiff gave said lessor a notice in writing that he desired an extension for two years, and also stating that it might be extended to May 1, 1884. The lessor answered, admitting the right to the extension for two years, but refusing to grant the extension for the extra six months. The lessor died in October, 1882, leaving a will, but said real estate was not devised, and as to it he died intestate; he left him surviving a widow and several heirs at law, children of a deceased brother, one of whom was a minor, who did not come of age until September 8, 1883. On February 15, 1883, one Wallace, acting under powers of attorney, executed by all of said heirs except said minor, but not by the widow, executed a lease of said premises to plaintiff for five years from May 1, 1883, under a previous agreement with him, that it should cover the interest of all the parties having an interest in said property. This lease contained no covenant to rebuild. It was delivered to plaintiff March 3, 1883. The buildings, which were a mill and elevator, were, on the same day, destroyed by fire.

Plaintiff, at the time he received said new lease, had no personal knowledge as to who succeeded to the interests of the deceased lessor, and received it supposing it conveyed all such interests.

A judgment was rendered in favor of plaintiff for $2,582.60,

which was modified by the General Term by striking out $582.60, allowed for interest, and, as modified, affirmed.

Further facts are stated in the opinion.

*E. H. Burdick* for appellant. The referee erred in not granting the motion for a nonsuit. (2 R. S. chap. 7, § 6; *Western* v. *Lansing*, 49 N. Y. 499; *Schieffelin* v. *Carpenter*, 15 Wend. 405; Wood on Landl. & Ten. 125, 149, 363; *Henzee* v. *Reynolds*, 1 Hayns, 143; *Livingston* v. *Potts*, 16 Johns. 28; *Van Rensselaer* v. *Penniman*, 6 Wend. 569; *Whitney* v. *Allairi*, 1 N. Y. 311.) The referee erred in permitting the plaintiff, as a witness, to give his opinion as to the value per month of the unexpired term of the lease over and above the rent reserved, if the property had been rebuilt prior to the 1st of November, 1883. (*Ferguson* v. *Hubbell*, 97 N. Y. 507; *Wakeman* v. *Wheeler*, 101 id. 205, 206; *Norman* v. *Wells*, 17 Wend. 137.) The referee erred in allowing interest on the $2,000 damages found by him. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 40 Alb. L. J. 79; *McMartin* v. *State*, 108 N. Y. 542; *White* v. *Miller*, 71 id. 118, 134; 78 id. 399; *Mansfield* v. *R. R. Co.*, 102 id. 205.) The executor could not use or appropriate the personal property of the estate to erect buildings upon the land and premises, which would at once become the property of the heirs at law, and so interfere with rights of creditors, and of the widow of the deceased; nor could he convert the widow's interest in the personalty of the estate into realty; nor change or interfere with the nature or extent of her dower right in the real estate. (*Palmer* v. *City of Brooklyn*, 8 N. Y. Supp. 6; *Griswold* v. *M. R. Co.*, 122 N. Y. 102; *Shepard* v. *M. R. Co.*, 117 id. 442; *Allen* v. *Culver*, 3 Denio, 284.)

*Isaac Lawson* for respondent. The obligation to rebuild created by the first lease was not discharged or terminated by the execution of the second. (*Whitney* v. *Meyers*, 1 Duer, 271; *Schieffelin* v. *Carpenter*, 15 Wend. 405, 406; *Smith* v. *Niver*, 2 Barb. 180; *Coe* v. *Hobbey*, 72 N. Y. 146; *Doe* v.

*Pool*, 11 Ad. & El. [N. S.] 713; *Post* v. *Martens*, 2 Robt. 437; *Porter* v. *Bleider*, 17 Barb. 154; *Wilson* v. *Lester*, 64 Barb. 431; *Davidson* v. *Blumor*, 7 Daly, 205; *Stilwell* v. *M. L. Ins. Co.*, 72 N. Y. 491.) The defendant, as the executor of the original lessor, was bound to carry out his contract to rebuild, and, in case of failing to do so, is liable as such for plaintiff's damages. (1 R. S. 698, § 24; *Kernochan* v. *Murray*, 111 N. Y. 306; *Ferrin* v. *Myrick*, 41 id. 322; *Riblit* v. *Wallis*, 1 Daly, 360; *Taylor* v. *Taylor*, 3 Bradf. 54; 3 Wait's Act. & Def. 251; 2 id. 398; Chitty on Cont. [10th ed.] 101; 1 Pars. on Cont. 130; 2 id. 530; 3 Redf. on Wills, 302, § 11; Id. 276, 277; Sugden on Vendors, 180; Willard on Exrs. 1466; *Wright* v. *Holbrook*, 32 N. Y. 587.) The defendant, by exercising reasonable promptness, could have rebuilt in time to have enabled the plaintiff to use the property for a portion of his unexpired term of eight months. (*Tobias* v. *Lissberger*, 105 N. Y. 404.) It was proper for the plaintiff to show that up to the time of the fire he had been doing a constantly increasing business. (*Dart* v. *Laimbeer*, 107 N. Y. 664, 665.) Evidence tending to prove the profits which had been made by the plaintiff for the year immediately preceding the fire by the use of this property, was competent upon the question of what the future profits would probably have been, and assisted in establishing the amount of plaintiff's damage. (*Dart* v. *Laimbeer*, 107 N. Y. 664; *Bagley* v. *Smith*, 10 id. 499; *Wakeman* v. *W., etc., Co.*, 101 id. 205; 1 Suth. on Dam. 113; *Scheel* v. *Brokhaus*, 80 N. Y. 614; *Young* v. *Hurd*, 16 N. Y. S. R. 385; *Ganson* v. *Tefft*, 71 N. Y. 48; *Townsend* v. *N. W. Co.*, 117 Mass. 501; *Drucker* v. *M. R. R. Co.*, 106 N. Y. 157; *Griffin* v. *Colver*, 16 id. 497; *Taylor* v. *Bradley*, 39 id. 145.) The objection to the competency of opinion evidence to prove the value of a leasehold interest, is untenable. (*Bedell* v. *L. I. R. R. Co.*, 44 N. Y. 370; *Clark* v. *Baird*, 9 N. Y. 183; *Robertson* v. *Knapp*, 35 id. 91; *Joy* v. *Hopkins*, 5 Den. 84; *Ganson* v. *Tifft*, 71 N. Y. 48; *Mitchell* v. *Read*, 84 id. 556.) The objection that the plaintiff cannot recover, for the reason that

he has failed to prove that if the building had been reconstructed before the expiration of his term, he would have had time to take possession, recall the old or obtain new customers, and make some money over and above his expenses and rent, leaving him ample time to move out and surrender the premises on the 1st of November, 1883, is untenable. (*Devendorf* v. *Wirt*, 42 Barb. 227; *Mills* v. *Gould*, 10 J. & S. 123; 1 Sedg. on Dam. [7th ed.] 200; *McMaster* v. *State*, 108 N. Y. 556; *Drucker* v. *M. R. R. Co.*, 106 id. 163; *Savery* v. *Ingersoll*, 46 Hun, 176.) Susan Dunlop was an infant at the time the lease was signed, and did not come of age until some months after, and, therefore, could not authorize Wallace to sign a lease for her so as to make it binding. (2 R. S. 139, § 6; *Post* v. *Martens*, 2 Robt. 437; *Porter* v. *Bleiler*, 17 Barb. 154.)

PECKHAM, J. None of the grounds argued by the counsel for defendant is sufficient to call for a reversal of this judgment. (1) The lease was properly extended in the manner provided for by its terms and was recognized as a valid and existing lease up to the death of the testator, at which time nearly one-half of the extended period had expired.

The lease provided for an extension of its term by two years, provided the lessee, three months before the expiration of the original five years, gave a written notice to the lessor of his desire to extend the lease for that further period. This the lessee did. Because he made a suggestion in that notice, that if the lessor chose they would regard the lease as extended two years and a half, had no bearing upon the sufficiency of the written notice, and the refusal of the lessor to grant the extra six months' extension, acknowledged the right of the lessee to the two years provided for by the lease itself. (2) The lessee of the original lease never either in fact or in law surrendered it by reason of what took place in regard to the execution of the lease by Wallace on the part of the heirs at law. The facts show there were a widow and several heirs at law, and that the widow had a right of dower in the premises, and that one of the heirs at law, at the time of the execution of the lease by Wallace as

the agent of the heirs, was an infant. The lease purported to grant the interest of the heirs in the premises from the first of the coming May, for five years. The evidence is uncontradicted that the agreement between plaintiff and Mr. Wallace was that the plaintiff should have all the interest of all the parties in the premises for the five years, and that when the plaintiff executed the lease he had no personal knowledge as to who succeeded to the interest of Robert Dunlop, and he supposed that the lease covered the interest of all parties having an interest in the premises. It is also in proof and found by the referee that the widow had a right of dower in the premises. She did not sign the lease and neither her interest nor the interest of the infant passed under it. The very day the lease was received, signed by Wallace as agent, the fire occurred. It is obvious that the plaintiff did not secure by the lease the interest which he had provided for by his agreement with Mr. Wallace. The dower of the widow was outstanding and the interest of the infant was not affected by the lease. The original lease was not surrendered for the reason that the new one did not give plaintiff the interest he contracted for and which he thought he was acquiring. Under such facts the cases hold there is no surrender. ( *Whitney* v. *Meyers*, 1 Duer, 271; *Sheffelin* v. *Carpenter*, 15 Wend. 405; *Coe* v. *Hobby*, 72 N. Y. 146.)

This is not the case of a lease by one tenant in common to a stranger, purporting to convey the whole interest in the land and an entry by the lessee under it, and an acquiescence by all the other tenants in common. There was never a valid acceptance of the new lease. The agreement provided for the conveyance of the whole interest to the plaintiff, and the parties failed to convey all of such interest, and the plaintiff never accepted such lease with knowledge that it did not fulfill the terms of the agreement, and there was never any entry under the lease, and before the time arrived at which the lease by its terms was to become operative, the property was not in existence, having been destroyed by fire. Hence, the original lease remained in full force.

(3) The defendant moved for a nonsuit upon the grounds among others, that the executor had no power to rebuild and no control over the heirs at law to make them rebuild, and also, because on the death of the lessor the plaintiff paid rent to, and held under the heirs at law, and not under the defendant executor. There is no finding by the referee as to the last alleged fact, and the evidence does not show that such is necessarily the fact. It rather shows the contrary. As to the first ground, that the executor had no power to rebuild, I think the authorities are clearly the other way.

The presumption is that the party making a contract intends to bind his executors and administrators, unless the contract is of that nature which calls for some personal quality of the testator, or the words of the contract are such that it is plain no presumption of the kind can be indulged in. (*Tremeere* v. *Morison*, 1 Bing. [N. C.] 89 ; *Reid* v. *Tenterden*, 4 Tyrwhitt, 111 ; *Kernochan* v. *Murray*, 111 N. Y. 306.)

Where a party has entered into a contract to purchase real estate and dies before it is conveyed to him and before he has paid for it, his heir or devisee is entitled to have his executor pay for the realty out of the personal estate. (*Broome* v. *Monck*, 10 Ves. 596, 611 ; reargued, 619 ; *Livingston* v. *Newkirk*, 3 Jo. Ch. 312 ; *Wright* v. *Holbrook*, 32 N. Y. 587 ; 1 Sugden on Pow. [8th Am. ed.] 293 ; 3 Red. on Wills [2d ed.] 302, § 11.)

The executor is not permitted to violate the contract of his testator after the latter's death. (*Wentworth* v. *Cock*, 10 Ad. & El. 42 ; *Siboni* v. *Kirkman*, 1 M. & W. 419 ; remarks of PARKE, B.)

In *Quick* v. *Ludburrow* (3 Bulst. 30), Lord COKE said that if a man be bound to build a house for another before such a time and he which is bound dies before the time, his executors are bound to perform this. To same effect, *Tilney* v. *Norris* (1 Ld. Raym. 553) ; *Tremeene* v. *Morison* and *Reid* v. *Tenterden* (*supra*).

If the testator devise his land to other parties, the executor still remains liable on the covenant of his testator. If the devisees do not permit the executor to build, the covenant is

broken, and it is the act of the devisor in devising his property thus that prevents the executor from fulfilling.

If the land descended to the heir, then the covenant still remains in force; and if it should be that the executor could not force the heir to permit the building, still the estate is liable on the covenant, and the executor must pay the damages if he have assets. The judgment here is only against him as executor, and is fully warranted in law.

(4) The exceptions to the rulings of the referee in the admission or rejection of evidence are not tenable. The value of the lease for the time the plaintiff would have been in possession after the premises were rebuilt and before the lease had expired was properly testified to by the plaintiff. It was a matter of opinion to some extent, based upon facts, all of which he had testified to, and his experience and knowledge were more than that of any other person in regard to the very question which was asked. The evidence of Fleischman was properly admitted. He was an architect, and to some extent, therefore, familiar with building and the time it should take to do certain work, and with the fact whether the work could be done in a certain time without dangerous haste.

We are unable to find any fair reason for disturbing this judgment, and it should be affirmed, with costs.

All concur.

Judgment affirmed.