H. MINERVA LANE *et al*, Appellants, v. JULIA A. RICHARDS, Executrix.

Contracts: CONSIDERATION: ALTERATION OF: PAROL EVIDENCE.
1   Where the consideration upon which a contract rests is clearly stated in the instrument, it cannot be altered by parol evidence.

Same: WHEN PERSONAL CONTRACT: ADVANCEMENT OF FUNDS BY ONE PARTY: RIGHTS OF REPRESENTATIVE. Where a contract
2   provides that if one of the parties, in the exercise of his own judgment, shall advance money to be used in a joint enterprise, and the other guarantees its repayment, the same, in the absence of a provision that such right of payment shall survive, is a personal contract which death terminates, and payments made by his personal representatives cannot be recovered.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

FRIDAY, OCTOBER 10, 1902.

ON the 15th day of November, 1886, Edward M. Johnson purchased an undivided one-half interest in a certain addition to Minneapolis for the sum of $30,536.75. $7,381.60 of this price was paid in cash by W. O. Richards and Allen T. Lane in equal parts, and a written agreement was entered into between Johnson on the one hand and Richards and Lane on the other, whereby Johnson became obligated to pay the balance of the purchase price of the land, and also to repay to Richards and Lane all money which they put into the deal. Under this contract Richards and Lane were bound to furnish all money necessary to pay taxes, interest on the mortgages which Johnson had given or assumed, and to pay the cost of improving and selling the land. No further liability was therein incurred, but it was agreed that they might make payments on

Johnson's indebtedness for the land, and that they should be reimbursed for any payments so made. On the 22d day of November, 1886, W. O. Richards executed the following written agreement:

"This agreement, made and entered into this 22d day of November, A. D. 1886, between W. O. Richards, party of the first part, and Allen T. Lane, party of the second part, witnesseth: That the parties herein did jointly purchase on the 15th day of November, A. D. 1886, an undivided one-half of Home Park addition to Minneapolis, according to the recorded plat thereof in the office of the register of deeds in and for Hennepin county, Minnesota. That the purchase price of said undivided one-half of Home Park addition was the sum of thirty thousand five hundred and thirty-six and seventy-five hundredths dollars, to be paid as follows, viz: A cash payment on day of purchase of seven thousand three hundred and eighty-one and sixty hundredths dollars, and eight thousand on or before one year, with interest at eight per cent; also assume the payment of mortgage on said land to the amount of fifteen thousand dollars, payable on or before March 1, 1891, with interest at seven per cent. per annum, payable semi-annually. And whereas, the parties herein did enter into an agreement with Edward M. Johnson, of Minneapolis, Minnesota, wherein the said Edward M. Johnson is to retain the title to said land, to have full charge of the sale of said land, and control and manage the same as he chooses, agreeing to pay to the parties herein all the moneys they shall have paid, whether for purchase money, interest, taxes, and cost of improving said land and of selling the same, with annual interest at eight per cent. from date of payment until paid. Also one-half the net profits from the sale of said land after deducting the amounts he shall have paid as herein specified. In consideration of. Allen T. Lane, Party of the second part, entering into and signing the said agreement with said Edward M. Johnson,

W. O. Richards, party of the first part, agrees to and with the party of the second part herein that he will guarantee the payment of all money paid by him on account of the purchase and sale of said land as provided by the agreement with said Edward M. Johnson, together with interest at eight per cent. per annum until paid on all sums so paid. And the party of the first part agrees to pay to the part of the second part the amount paid by him, together with interest at eight per cent., when said land is sold, provided the net proceeds from the sale of said land is insufficient to pay said amount as aforesaid. W. O. Richards. Allen T. Lane."

Richards and Lane are both dead. Before his death Lane paid on the Johnson contract the additional sum of $337.50. After his death the plaintiffs paid thereon the further sum of $2,696.87. After the death of Richards the plaintiffs filed a claim against his estate, predicated on the contract of November 22, 1886, for the full amount of money paid on the Johnson contract by their decedent Lane, and by themselves. There was a trial to the court, and a judgment for the defendant. The plaintiffs appeal.—*Affirmed.*

*Boies & Boies* for appellants.

*Mullan & Pickett* and *E. M. Johnson* for appellee.

SHERWIN, J.—The appellants claim that the contract of November 22, 1886, is of a dual character,—that it is both a guaranty of performance on the part of Johnson, and a direct undertaking of indemnity on the part of Richards; while the appellee contends that it is a contract of guaranty only and that it was wholly without consideration.

Section 3069 of the Code provides that "all contracts in writing signed by the party to be bound * * * shall import a consideration," and the appellants urge that a valid consideration for this obligation is imported therein.

If no consideration were named in the contract, or if its language relating thereto were so ambiguous as to be incapable of construction, there can be no doubt as to the applicability of the statute. But here the parties have undertaken to and have expressly stated in the instrument the consideration upon which it rests, and this recital in itself clearly and distinctly negatives the fact that any other, larger or different consideration was in the minds of the parties. The statute was not intended to and does not furnish the consideration for contracts, and, in our judgment, it was only intended to import a consideration when the parties had failed to express it themselves; otherwise the solemn declaration in a contract that it rested upon a

1. CONSIDERA-TION; altera-tion of: parol evidence. certain consideration would be denied, and the contract relating thereto would be annulled by force of the statute, and a foreign consideration substituted therefor. The rule is well settled in this state that an express consideration clearly named in a written contract cannot be altered by parol. *Gelpcke v. Blake*, 19 Iowa, 264; *De Goey v. Van Wyk*, 97 Iowa, 491.

But were we to adopt the view of the statute contended for by the appellants, whenever the expressed consideration should be held invalid the statute would at once provide another and a valid one, regardless of the contract of the parties. So far, then, as the contract in question is one of guaranty, it must be held to be without consideration. Lane's rights and liabilities under the Johnson contract were in no wise changed thereby. *Ayres v. Railroad Co.*, 52 Iowa, 474; *Walker v. Irwin*, 94 Iowa, 448. Under the contract between Johnson and Lane and Richards the two latter parties were not bound to pay any part of the principal remaining unpaid on the purchase price of the land, but, as before stated, they had the option to do so. It does not appear that Lane, in his lifetime, paid anything more than he was obliged to pay by his contract. The last clause, however, of the contract of November 22d,

is one of absolute indemnity, and whatever money might have been paid thereunder by Lane, which he was not bound to pay by the Johnson contract, could be recovered.

II. But is the contract one which authorized the plaintiffs to exercise the option which had been given their decedent, and to pay money which they were not bound to pay? If Lane had contracted to pay this money, no serious question could arise as to the rights and duties of the plaintiffs after his death. But he and Richards were engaged in a speculative venture. They had both assumed the risk of losing the money which they had then paid, and the further sum which they had obligated themselves to pay. But the payment of any greater sum was optional with both. In other words, each was left to act as his individual judgment might dictate. Each had the right to rely, to a certain extent, at least, on the deliberate judgment of the other, so far as taking future risks were concerned.

2. SAME: when personal contract: advancement of funds by one party: rights of representatives.

Strictly speaking, it cannot be said that the contract as to the optional payments was an executory one, and therefore might be performed by the personal representatives of the deceased, because there was in fact no contract for a further payment on the part of Lane, and Richards' promise of indemnity to him was, in effect, that if, in the exercise of his personal judgment, he advanced money for which he was not bound, he would indemnify him. There is nothing in the contract indicating an intent on the part of either that the option in question might be exercised by another, or pass to Lane's representatives, and the undertaking of Richards survive his death. The character of the entire transaction was such that, in our opinion, a presumption arises that the contract was personal, and that the death of Lane terminated it, and that the plaintiffs had no right to make future advancements on the strength thereof. *Marvel v. Phillips*, 111 Mass., 399 (38 N. E. Rep. 1117 (26 L. R. A. 416, 44 Am. St. Rep. 370); *Cox v.*

*Martin*, 75 Miss. 229 (21 South. Rep. 611 36 L. R. A. 800, 65 Am. St. Rep. 604); *Chamberlain v. Dunlop*, 126 N. Y. 45 (26 N. E. Rep. 966, 22 Am. St. Rep. 839); 1 Beach, Modern Law Contract, section 231. This view of the case renders it unnecessary to discuss the minor questions argued by the appellee.

The judgment is AFFIRMED.