MARIE WAGNER, Appellant, *v.* CHARLES H. THIERIOT, Individually and as Executor of OTTO WAGNER, Deceased, Respondent.

First Department, December 22, 1922.

**Insurance — life insurance — action by beneficiary to recover from estate of insured amount loaned on policy to testator by insurer — relation of debtor and creditor did not exist between insured and insurer — beneficiary's right is to be determined by amount due on policy after deducting loan — estate of insured not liable for amount loaned to insured.**

The ordinary relation of debtor and creditor is not created between an insurer and the insured where the insurer advances or loans money to the insured on the security of his policy in pursuance of the requirements of section 101 of the Insurance Law, though the loan agreement recites that the moneys are loaned and advanced to the insured and that the insured acknowledges the receipt thereof and agrees to repay the same, where the loan or advance is made on the sole security of the policy and the policy provides that the insured

will pay the face thereof less any indebtedness to the insured and any unpaid portion of the premiums accrued for the current policy year at the date of maturity and reserves to the insured the right to change the beneficiary.

The insurer, therefore, could not maintain an action against the insured to recover the amount of the loan nor could it present a claim against the estate of the insured as a creditor for the amount of the loan.

The value of a policy of life insurance and the right of the beneficiary named therein at the time of the death of the insured is to be determined and fixed by the face of the policy less any indebtedness or accrued premiums.

Accordingly, a beneficiary in an insurance policy on which the insurer had loaned or advanced money to the insured cannot recover from the estate of the insured the amount of the loans so made.

APPEAL by the plaintiff, Marie Wagner, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of April, 1922, granting defendant's motion for judgment dismissing the complaint, and also from a judgment of the Supreme Court in favor of the defendant entered in said clerk's office on the 28th day of April, 1922, pursuant to said order.

*Gustav Lange, Jr.,* of counsel, for the appellant.

*Holm, Whitlock & Scarff* [*Victor E. Whitlock* of counsel; *Herbert D. Chabot* with him on the brief], for the respondent.

MERRELL, J.:

This action is brought against the defendant, Charles H. Thieriot, individually, and as executor under the will of Otto Wagner, deceased, to recover the sum of $7,172.16, with interest. Two causes of action are set forth in the complaint, the first being to recover the sum of $2,610.70, with interest, being the amount which the plaintiff claims to be her due by reason of certain deductions made upon the settlement of a life insurance policy upon the decedent's life written by the Guardian Life Insurance Company of America, which was formerly the Germania Life Insurance Company of the City of New York. The second cause of action is to recover the sum of $4,561.46, being the sum similarly deducted upon the settlement of a life insurance policy upon decedent's life written by the Travelers Insurance Company of Hartford, Conn. At the time of the death of the aforesaid Otto Wagner, the plaintiff was the sole beneficiary named in each of the aforesaid policies. Prior to his death, Wagner, the insured, negotiated loans with each of the aforesaid companies, pursuant to rights conferred upon him under the terms of the respective policies, which loans, with interest, amounted, at the time of his death, to the respective sums above stated. Under the terms of the policies in question; and also under the terms and conditions of the respective loan

agreements each insurance company had a clear right to deduct the amount of the aforesaid loans from the face of the respective policies.

It is claimed by the plaintiff, appellant, that the aforesaid loans and the amount thereof should be paid out of the decedent's estate. This very interesting question seems never heretofore to have been presented to any court for determination; at least, our attention is not called to any reported case in point. While much is said in the briefs concerning the right of the insured to change beneficiaries and obtain loans, the real question to be determined seems to be as to whether or not the actual status of debtor and creditor existed between the insured and the insurance companies at the time of decedent's death. If the aforesaid insurance companies could at that time have brought an action at law against the insured to recover the amount of the so-called loans, respectively, which right would have placed the insurance companies in a position to have presented claims against decedent's estate, then I believe that the appellant would have a clear right to have the claims paid out of the decedent's general estate. If, on the other hand, the true relation of debtor and creditor did not exist, owing to the peculiar nature of the contracts of insurance and the relation of the parties growing out of the same, and if the respective insurers had no right of action at law against the insured to recover the alleged loans, then I believe the decision of the trial court is correct.

In order to determine the question at issue, it is necessary to review briefly the history of the policies in question, and the loan agreements. The policy of the Guardian Life Insurance Company was taken out on July 12, 1916. At that time the company was known as the Germania Life Insurance Company. The beneficiary named in the policy was the estate of said Otto Wagner. On July 17, 1917, Wagner changed the beneficiary to Marie Wagner, his wife, who is the present plaintiff. On December 16, 1918, the beneficiary was again changed to Henry Ziegler a creditor. On April 8, 1919, the plaintiff was again named as beneficiary. On June 22, 1920, the insured obtained a loan from the company on a written agreement, which bears date that day. This loan was for the sum of $2,643. Part of the money so alleged to have been loaned was used to pay premiums. In this so-called loan agreement it is stated that the agreement is made " pursuant to the provisions of policy No. 302650," and that the company " has this day loaned and advanced to the party or parties of the second part " the sum of $2,643. The agreement then states that " the party or parties of the second part hereby acknowledge the receipt

this day of said loan and agree to repay the same to the company at its home office in the city of New York upon demand." Continuing, the agreement provides that in consideration of the loan and as collateral security for its repayment, the insured assigns, transfers and sets over to the company said policy and all right, title and interest therein. In case of default, the agreement stipulates that if the total indebtedness of the insured shall equal or exceed the total cash surrender value of the policy at the time of such default, the policy shall become null and void after notice, and that in case the indebtedness shall be less than such cash surrender value, it shall be deducted therefrom, and the balance applied to the purchase of non-participating paid-up insurance of a reduced amount. The policy thus assigned contains a provision which seems to be in accord with section 101 of the Insurance Law (added by Laws of 1909, chap. 301, as amd. by Laws of 1911, chap. 369),* to the effect that the company would loan on the proper assignment and delivery of the policy and " *on the sole security thereof* " an amount equal to or less than the cash surrender value of the policy. In the same paragraph of the policy it is also provided that any unpaid portion of the premium for the policy year, together with any existing indebtedness to the company on or secured by the policy, shall be paid out of the proceeds of such loan. The policy further provides and the company agrees to pay to the beneficiary the sum of $25,000, " *less any indebtedness hereon to the company, and any unpaid portion of the premium for the then current policy year.*" The right to change the beneficiary is also provided for on the face of the policy.

The chronology of the decedent's acts in respect to the Travelers Life Insurance Company policy is as follows: The policy was written on July 17, 1916, naming the plaintiff, Marie Wagner, as the sole beneficiary; on June 23, 1920, the beneficiary was changed to the estate of Otto Wagner; on June 24, 1920, the loan under that policy was obtained by the insured by means of a so-called loan agreement, which is in many respects similar to the loan agreement made with the Guardian Life Insurance Company; on June 25, 1920, and after said loan was made, the beneficiary was again changed to Marie Wagner, the plaintiff. The provisions of the Travelers policy which are important provide for a change of the beneficiary, and the right of the insured to obtain loans to an amount set forth in the policy, which provision is also in accord with section 101 of the Insurance Law (*supra*). The policy also contains the provision that *any indebtedness to the company would be*

---

* Since amd. by Laws of 1921, chap. 407, and Laws of 1922, chap. 275.— [REP.

*deducted in any settlement.* The loan agreement is somewhat different from that with the Guardian Life Insurance Company in that it contains no provision whatever respecting any agreement on the part of the insured to repay the loan. The agreement recited that a loan had been made of $4,650; that the insurance policy had been pledged and delivered to the company as security for such loan; that the company might demand the repayment of such loan at maturity; that the company should be liable only for the " return of the *balance* of the proceeds of the said claim, or of the said benefit, *after deducting the loan and accrued interest, and any other indebtedness due the Company.*" It also contains a provision for cancellation and payment in case of death.

While not of controlling consequence upon the question presented upon this appeal, it is significant that on April 30, 1917, when testator executed his said will, wherein, after bequeathing to his said wife his household furniture, he stated: " I am making no other provision in this will for my wife because I have otherwise adequately provided for her by life insurance in her favor," the only policy of insurance which the testator had taken out wherein his said wife was named as beneficiary was the aforesaid policy issued by the Travelers Insurance Company insuring the testator's life for $25,000.

The outstanding features of the aforesaid policies and loan agreements are that the deceased had at all times a clear right to change the beneficiary in each policy; that he had the privilege to negotiate loans with the respective companies in accordance with the provisions contained in the respective policies and as provided in section 101 of the Insurance Law; and that neither company would be liable at any time to pay to the insured any *greater sum* upon either policy than the face value thereof, less all indebtedness. The provision in each of the policies which granted to the insured the absolute right to obtain loans was one of the *benefits* which accrued to the insured out of the policies in question. The premiums which he paid from time to time entitled him to such benefit as well as other benefits derived from the insurance.

Section 101 of the Insurance Law sets forth the standard provisions which the law requires every life insurance policy in this State to contain. In subdivision 7 of said section it is provided that all policies shall contain the following: " A provision that after three full years' premiums have been paid, the company at any time, while the policy is in force, *will advance,* on proper assignment or pledge of the policy and on the *sole security thereof*, at a specified rate of interest, a sum equal to, or at the option of the owner of the policy less than, the reserve at the end of the

current policy year on the policy and on any dividend additions thereto, * * *."

It is clear that the Legislature in enacting the aforesaid statute intended to compel every insurance company to advance to a policyholder after the expiration of three years, a sum of money equal to or, at the policyholder's option, less than the reserve therein set forth. The reserve in question is in all cases, of course, accumulated by reason of payments made by the insured. The privilege and benefit so extended to the holder of an insurance policy thus enables him to receive an *advancement* of such money, already paid in, upon payment of a certain sum called interest, without surrendering his policy. It can hardly be said that one holding an insurance policy similar to those in the case at bar stands in the same relation to the insurance company as an ordinary debtor when he exercises the privilege conferred upon him by law and by his policy. His act in electing to receive an advancement lessens the value of his insurance contract and also the cash surrender value thereof. The whole transaction, however, takes place pursuant to and grew out of the privileges and rights conferred upon the insured by the original policy. When the money has been so advanced or the so-called loan made to the insured, the amount which the company had agreed on the face of the policy to pay is lessened under the terms thereof. If the insured repays the money so advanced the value of the policy automatically increases. As the case stands, the rights of all parties depend exclusively upon the insurance policies in question which gave rise to all of the transactions set forth in the complaint. It is plain that neither insurance company can be compelled, under the respective policies, to pay more than the companies have already paid the plaintiff. The value of the policies at the date of the decedent's death was and is determined entirely by the provisions thereof, which provisions included the aforesaid stipulation respecting the lessened liability of the insurer where advancements had been made. It, therefore, seems to me that neither company was in a position to present a claim against the estate of the decedent as a creditor, and that the contract governs the rights of the parties respecting the insurance due, and that the beneficiary was entitled to receive only the amount of the policies, less the alleged " loans." Had the decedent's estate been the beneficiary instead of the decedent's widow, the same situation would have prevailed. The law is well settled that where, as in the case at bar, insurance policies are made payable to the decedent's widow neither the policies nor the proceeds thereof form any part of the decedent's estate. (Dom. Rel. Law, § 52; *Grems* v. *Traver*, 87 Misc. Rep.

644; *Kittel* v. *Domeyer*, 175 N. Y. 205; *Matter of Thompson*, 184 id. 36.) The proceeds cannot be reached by creditors except as provided in section 52 of the Domestic Relations Law (not pertinent here) and the executor or administrator is not entitled to any commissions in collecting the same. Such being the case, it is contrary to reason and justice to hold, where loans have been made on insurance policies payable to named beneficiaries, that the amount due upon such loans can be extracted from the general estate and taken out of the pockets of general creditors, next of kin and legatees, for the benefit of such beneficiary.

It is, however, argued by the appellant that decedent left a will in which he expressed the intention that his widow should have the proceeds of such policies, and that under the common law all of the debts of a deceased person are payable out of his estate. Upon such premises the appellant argues that the loans in question are like any ordinary loans, and should be paid by the estate. The law, of course, is well settled that all debts of a deceased person must be paid first out of his personal estate. (*Cochrane* v. *Hawver*, 54 Hun, 556; *Wright* v. *Holbrook*, 32 N. Y. 587; *Matter of Noyes*, 3 Dem. 369; *Chamberlain* v. *Dunlop*, 126 N. Y. 45.) There is, of course, one notable exception respecting the payment of a mortgage upon real estate which mortgage must be paid by the heir to whom the real property descended or by the devisee taking such property under a will. (Real Prop. Law, § 250.) The aforesaid section of the Real Property Law is derived mediately from section 4 of title 5 of chapter 1 of part 2 of the Revised Statutes (1 R. S. 749).

When a husband takes out a policy on his life for the benefit of his wife he is deemed to act as agent for his wife. The wife in such case acquires a vested interest in the policy which may be defeated by death or by a change in the beneficiary where the right to make such change is reserved in or provided for in the policy. (*Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143.) At common law it was open to question whether the wife and children had an insurable interest in the life of the husband and father. (Bliss Life Ins. § 10; *Ruse* v. *Mutual Benefit Life Ins. Co.*, 23 N. Y. 516.) If the husband sought to protect his family by insurance payable to his estate, his creditors upon his death could reach the fund and thus render his efforts futile. To remedy this situation the Legislature, by chapter 80 of the Laws of 1840, enacted a law which expressly authorized the wife to insure the life of the husband for her benefit, and in case of her death prior to her husband's for the benefit of her children, and provided that the fund could not be reached by creditors except under certain conditions

set forth in the law. This statute, somewhat modified, has now been incorporated in section 52 of the Domestic Relations Law. (See, also, Ins. Law, § 55, as amd. by Laws of 1913, chap. 519; since amd. by Laws of 1922, chap. 108.) In case the husband fails to pay premiums, the wife has such right, and must in many cases do so in order to continue the policy. (*Whitehead* v. *New York Life Ins. Co., supra.*) This section applies alike to policies actually taken out by the wife upon the life of the husband and policies taken out by the husband for the benefit of his wife naming her as beneficiary. (*Guardian Trust Co.* v. *Straus*, 139 App. Div. 884.) The right of the wife, however, in either event is subject to the terms of the policy and may be absolutely destroyed by a change of beneficiary or rendered less valuable by the procurement of loans or other advances by the company. The husband acting as he does as agent for the wife can bind her by any act permitted by the policy. If the policy provides for a change of beneficiary she is deemed to consent to such change, if one is made, and if a loan or advancement is made, a similar assent is presumed and she is bound by the act of her agent. In case of death of the husband, the wife, if she is then the beneficiary named in the policy, is entitled to receive the insurance less all deductions provided for in the policy. The policy forms no part of her husband's estate and her only rights therein grow out of the policy itself and any collateral or additional agreements, by-laws or contracts which form a part thereof.

For the reasons above stated, it seems to me that the estate of the deceased is not liable to compensate the plaintiff for the amounts deducted in the settlement of the respective policies. The value of the policies was subject to fluctuation. Had the deceased paid back the moneys advanced, it would have increased the value of the policies; but no obligation rests upon the estate so to do. The right to borrow money and to change the beneficiary in both policies was reserved to the insured, and nothing passed to the beneficiary, except the sums which could lawfully be collected from the insurance companies under the terms of the policies at the time of the decedent's death. (*Travelers' Ins. Co.* v. *Healey*, 25 App. Div. 53; affd., 164 N. Y. 607; *Cohen* v. *Samuels*, 245 U. S. 50; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635, 648.)

It, therefore, follows that the order and judgment appealed from should be affirmed, with costs.

CLARKE, P. J., DOWLING, GREENBAUM and FINCH, JJ., concur.

Judgment and order affirmed, with costs.