ALICE L. FERRIS, Appellant, *v.* PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Respondent, Impleaded with THE NATIONAL BANK OF GENEVA, Appellant.

Fourth Department, June 27, 1934.

*Edward P. Murphy* [*James R. Hanlon* with him on the brief], for the plaintiff, appellant.

*W. S. O'Brien*, for the defendant, appellant.

*Lansing S. Hoskins* [*James M. Ryan* with him on the brief], for the respondent.

TAYLOR, J. The pleadings present the following facts and circumstances: On August 14, 1922, plaintiff's husband, Carl D. Ferris, took out a $10,000 life insurance policy with defendant insurance company, making his wife the beneficiary. The policy gave the insured the option to change the beneficiary at any time. The insured had loans at the Geneva National Bank, and on

December 12, 1922, assigned the policy to that bank as collateral security for past and future loans to him. In October, 1923, this policy and assignment came into possession of defendant National Bank of Geneva as successor in interest to Geneva National Bank. Plaintiff's husband obtained more loans until by October, 1923, he was indebted to the defendant bank in an amount exceeding $7,000. The insured stopped paying premiums in 1930 and thereupon the policy under its terms became automatically a policy for $10,000 paid up to January 15, 1946. In October, 1932, the defendant bank commenced an action to foreclose this plaintiff and her husband of all rights in and under the policy and to obtain an adjudication that the bank, upon making a proper tender, would be entitled to the cash surrender value of the policy, at that time $1,136.75. This plaintiff, her husband and defendant insurance company appeared in the bank's action but did not answer, the bank made proof, obtained a judgment by default and entered it December 12, 1932. This judgment, in substance, entitled plaintiff in said action to recover from the insurance company the then cash surrender value of the policy free from all claims of Carl D. Ferris and of this plaintiff in every respect, upon surrender to the insurance company of the policy and of the release of the trustee in bankruptcy of all his claims under the policy. The judgment further provided that this plaintiff and her husband were forever barred and foreclosed of and from all right, title, interest and claim of interest of every nature in and to the aforesaid insurance policy and the proceeds and avails thereof, including the cash surrender value of the policy.

Before the bank's action was started, that is, in April, 1931, Carl D. Ferris had gone into voluntary bankruptcy. Thereafter the bank took proceedings whereunder it obtained from the trustee in bankruptcy the trustee's release of all his claims as such to the power resting in him to obtain the cash surrender value of the policy. Prior to the entry of its judgment the bank tendered the policy and release to the insurance company but the company declined to pay the bank the surrender value unless the bank would deliver to it, in addition to the trustee's release, the release of Carl D. Ferris personally. Ferris would not execute a release, so the transaction was not completed and never has been completed. Ferris died December 14, 1932, two days after the bank's judgment was entered.

Plaintiff has brought the present action to obtain a determination as to what interest the defendant bank has in the proceeds of this insurance policy, that that amount be ascertained and that plaintiff have the difference between such amount and $10,000 awarded to

her. On motion plaintiff's complaint and defendant bank's counterclaim, in which it asked for the whole amount of the face of the policy, were dismissed on the theory that the assignment of the policy to the bank and the judgment in the bank's action disposed of all claims and rights of this plaintiff and her husband and that the bank in and through its own lawsuit had elected to take judgment for the cash surrender value in enforcement of all its rights. No step has been taken to vacate this judgment and no appeal has been taken.

Plaintiff concedes and the policy expressly provides that this assignment to the bank by her husband is binding upon plaintiff to the extent of all amounts owed by her husband to the bank at the time of his death. In the circumstances, the bank being the only creditor of Carl D. Ferris involved in this action, section 52 of the Domestic Relations Law and section 55-a of the Insurance Law which, under other conditions, might protect this plaintiff against claims of creditors of her husband, have no pertinency (*Bradshaw* v. *Mutual Life Ins. Co.*, 187 N. Y. 347; *Wagner* v. *Thieriot*, 203 App. Div. 757, 764; affd., 236 N. Y. 588) so far as this plaintiff and the bank are concerned. The bank in its action — proceeding solely in enforcement of its claim as secured by the insurance policy and not as a general unsecured creditor — assumed that it was in a position to acquire by judgment the title of the trustee in bankruptcy to the surrender value of the policy on the theory that such value passed as an asset of the insured at the time of adjudication to the trustee in bankruptcy under paragraph a of section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110). (*Cohen* v. *Samuels*, 245 U. S. 50.) Whether or not this claim was of legal validity is now beyond contention. For neither this plaintiff, her husband, nor the insurance company — all made parties defendant in the bank's action — contested the bank's claim. So the bank's judgment, whether wholly or partially or in no sense declaratory, is *res adjudicata* as to all the parties to the action. (*Morecroft* v. *Taylor*, 225 App. Div. 562; *Kariher's Petition*, 284 Penn. St. 455; *Girard Trust Co.* v. *Tremblay Motor Co.*, 291 id. 507.)

The bank in the instant action claims and pleads: " That said defendant bank never finally elected to surrender said insurance policy to the Insurance Company, and at the time of the death of the insured said defendant bank had under consideration the question whether it would surrender said policy to the defendant Insurance Company and demand payment of the cash surrender value thereof, or continue to hold and retain said policy during the remainder of the extended term, notice of which was duly given to said defendant Insurance Company prior to the death of

the insured, and upon the death of the insured occurring before said insurance policy had been surrendered and before the defendant bank had finally elected to surrender the same, said defendant bank became thereupon immediately entitled to demand and recover from the defendant Insurance Company the full amount of the insurance provided by said policy, to wit, $10,000, no part of which has been paid." That is to say, the bank has assumed to waive its rights under its judgment, to hold it as of naught, and asserts a right to receive the full face amount of the insurance policy. This it may not do. When it brought its action the insured was living and in voluntary bankruptcy, and the bank — apparently deciding that the collection of a material part of its claim against the insured under .the assignment to it of the insurance policy was better than to merely proceed in the Bankruptcy Court — secured an adjudication in the State court foreclosing the rights of the Ferrises under the policy and entitling the bank to collect the surrender value of the policy from the insurance company. This judgment never having been appealed from and no attempt having been made to vacate it, is unquestionably binding on the bank as well as the other parties to the action if it be assumed that it is not "declaratory." To whatever extent it is declaratory it "shall have the force of a final judgment." (Civ. Prac. Act, § 473.) Giving these words of the statute their ordinary meaning and giving full effect to the several pleadings involved, the bank's judgment fixes the rights of all the parties to this action. (*Washington-Det. Theatre Co.* v. *Moore*, 249 Mich. 673, 681.) No party can nullify the judgment by waiver or by a declaration of abandonment. Not only is the judgment enabling to the bank but it entitles the insurance company to fulfill all its obligations under the insurance contract by paying the cash surrender value. The question as to manner of enforcement of the bank's judgment is not here. We can go no further than to determine that the bank's judgment concludes all parties to this action so far as the insurance policy is concerned.

The judgment appealed from should be affirmed.

Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ. All concur, except THOMPSON, J., who dissents and votes for reversal in the following memorandum:

THOMPSON, J. (dissenting). In its purpose, nature and effect the prior judgment is declaratory only. It remained inchoate until rendered effective in fact by the performance of the conditions it imposed. It could not be enforced by execution. Inherently its terms had to be performed prior to the death of the insured. After

this event the rights of the beneficiary became vested, and it became ineffectual for any purpose. The rights of the beneficiary were not cut off by the judgment itself. This could only be done by the actual surrender of the policy and payment of the money before the death of the beneficiary. By this means only could the provisions of the insurance contract be satisfied and terminated.

Judgment affirmed, with one bill of costs against the appellants.