## LISTER v. CLARK ET AL.

1. **Promissory Note:** CONTRACT TO EXECUTE. Where a party enters into a contract to execute a promissory note, and subsequently executes the note in accordance with the terms of the contract, a money judgment cannot be recovered against him in an action on the contract to execute the note.

2. ———: ———: EVIDENCE. A copy of the contract furnished to the payee by the maker of the note, and at his request, was *held* not admissible as an admission that the note had been changed by parol.

3. ———: ———: MODIFICATION OF. The written contract not providing for a note with a stipulation for attorney's fees, it was competent for the parties to change its terms by parol so that the maker should be liable for attorney's fees, and the payee should change the date from which interest would commence to run.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, APRIL 17.

ACTION upon a promissory note. The defendants answered,

admitting their signatures to the note, and averring that after the delivery thereof the plaintiff, without the knowledge or consent of defendants, changed the same, by erasing certain words therefrom, so as to make it draw interest from date instead of after maturity.

The plaintiff then amended his petition, by adding an additional cause of action, founded upon a contract in writing, by which the defendants, among other things, undertook "to make and deliver to plaintiff their negotiable promissory note for the sum of $348, payable, with six per cent interest, six months from date."

It appears from said amendment that the promissory note upon which this suit was originally brought was executed and delivered in performance of said written contract.

There was a demurrer to the amendment to the petition, which was sustained and plaintiff excepted.

The cause was tried by a jury. There was a verdict for the defendant. Plaintiff appeals.

*A. K. Campbell* and *Galusha Parsons*, for appellant.

*J. C. Cook*, for appellee.

ROTHROCK, CH. J.—I.   We will notice the objections taken by counsel for appellant to the rulings of the court in the order in which they are presented in argument.

Objection is made to the overruling of the demurrer to the amended petition.   We think the ruling was correct.   The

1. PROMISSORY note: contract to execute. amendment sought to recover a money judgment upon a contract to give a note, and it did not appear that the defendants failed to execute the note, but, on the contrary, it does appear that they performed the contract.

II.   The question in controversy upon the trial was, whether the note in suit was altered before or after it was delivered to the plaintiff.   It appears that the contract, by which defend-

2. ——: ——: evidence. 'ants agreed to give the note, and the note, were exe-

cuted on the same day. The contract, as written, provided. that the note should draw interest at six per cent from date.. The original contract was left with defendants. Some time afterwards plaintiff called upon defendants for a copy, which was made and delivered to him. The defendants claimed,. and testified on the trial, that after the contract was made and before the note was delivered, it was agreed by parol that the note should not draw interest from date, but from maturity.

The plaintiff offered to introduce the copy of the contract made by defendants, as an admission that the note as altered was correct.

The court sustained an objection to this evidence, and this is made a ground of complaint.

There was no error in the ruling of the court. The original contract was produced by the plaintiff, and introduced in evidence without objection. The copy was in the same words and figures. The fact that defendants made a true copy of the original for plaintiff could not be taken as an admission that it had been changed by parol.

III. The defendants testified that there was some dispute about the note, as to containing a clause providing for attorney's fees, in case of collection by suit, and that they allowed this clause to remain in the note, without erasure (the note being printed), and did not erase the words providing for interest after due, and that the parties finally agreed to the note in that form. This evidence was objected to as contradicting the terms of the written contract. We do not so understand it. The written contract did not provide for a note with a stipulation for attorney's fees, and it was competent for the parties, by parol, to change its terms, by the defendant agreeing to be liable for an attorney's fee,. and the plaintiff releasing the interest from date.

IV. The plaintiff sought to show that the note was given for money then due, drawing interest, and in judgment, as tending to corroborate his claim that the note was actually

3. ——: ——: modification of.

delivered drawing interest from date. It appears from the written contract that the judgment assigned by plaintiff to defendant was against the Chicago, Newton & Southwestern Railroad Company.

Whether it was collected or not does not appear. If it was not, there was no error in excluding this evidence. Besides, the plaintiff already had the evidence in proper form before the jury in the written contract.

V. Objection is made to overruling certain interrogations propounded to David Ryan, one of the defendants, who was examined as a witness. An examination of the whole of his evidence satisfied us that no prejudice resulted from this action of the court. Some of the rulings standing alone would seem to be erroneous, but the witness was afterward required to answer as to the material facts inquired about.

VI. Lastly, it is urged that the court erred in instructing the jury that the burden of proof was upon the plaintiff to show that the note was altered by erasure before delivery.

The record shows that the plaintiff, at the opening of the trial, offered to assume the burden of proof, and claimed the right to do so, and also the right to open and close the case. This claim was accorded to him by the court, against the objection of defendants.

As the plaintiff voluntarily assumed the burden of proof, and insisted it was upon him, he cannot now complain because the court followed his claim to its legitimate conclusion, and instructed the jury accordingly.

AFFIRMED.