WILLIAM LERCH v. THE SIOUX CITY TIMES COMPANY, Appellant.

PAROL—NOT TO VARY LEASE.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

ACTION for rent. There was a demurrer to the second division of the answer, which the court sustained, and from the ruling the defendant appealed.—*Affirmed.*

*Joy, Call & Joy* for appellant.

*J. N. Weaver* for appellee.

GRANGER, C. J.—The action is upon a written lease of a store room for three years from March 1, 1891, at one hundred and twenty-five dollars per month. To the petition the written lease is attached as an exhibit. The following is the second division of the answer: "Further answering, defendant says that the plaintiff induced the said J. R. Kathrens to sign said lease by orally representing to him that he would put steam heat in the building; that the said J. R. Kathrens, relying on the said representations, signed the said lease; and that the plaintiff has wholly failed to put in the steam heat, or any kind of heat, in the building, and for that reason the rooms are uninhabitable, and of but little value and the defendant abandoned the said premises before the first day of March, 1892 and tendered the possession of the same to the plaintiff." There is a demurrer to the answer on the grounds that evidence to prove the facts would be incompetent. Clearly it would be. The argument deals with the case as though fraud were pleaded. We may say that the answer has none of the elements of fraud. nor even of misrepresentation, in the harsher sense of the term, involving an intention to misrepresent. There is no complaint of existing facts. The pleading is merely of an executory agreement, and a breach of it. To permit it to be proven would be to violate the well recognized rule that parol evidence is not admissible to alter or vary a written contract. Its effect would be to ingraft onto the contract a new provision, foreign to any of the terms. *Iron Co., v. Trout,* 2 S. E. Rep. (Va.) 713, relied upon by appellant, is an equity case to cancel a mining lease for fraudulent represensations leading to its execution. This is no such a case. Other cases cited are of the same general character as the Virginia case, and the rule of those cases is undoubted. It seems to us that the most that can be said of this

pleading is that it presents, in a law action, a breach of an oral contract, not as a counterclaim, but as a defense to an action on the written lease. We are not to be understood as saying that, as a counterclaim, the pleading would be good, for the effect in that case would be practically the same as to change the terms of the agreement. The ruling of the district court was clearly right, and it is AFFIRMED.