## GRAY & FORSBECK, Appellants, v. C. ANDERSON.

**Checks: PRESENTATION:** *Parol variance,* A parol agreement between the payee and the drawer of a check, contemporaneous with its execution and delivery, that the former will not present it to the drawee for payment until a time agreed upon, may be shown, and, if established, excuses delay in presenting it, until the time specified.

DEEMER, J., takes no part.

*Appeal from Shelby District Court.*—HON. H. E. DEEMER, Judge.

MONDAY, OCTOBER 19, 1896.

DECEMBER 19, 1893, plaintiff Forsbeck bought of the defendant a lot of hogs, at a price agreed upon. The hogs were to be delivered by January 20, 1894. At the time of the purchase, a check for two hundred and fifty dollars, signed by Forsbeck, and drawn on the State Bank of Manning, and payable to defendant or bearer, was delivered to the defendant. This check was presented to the bank for payment on December 28, 1893, and was not paid, nor has it ever been paid. The drawer had no funds in the bank when the check was presented, but had an arrangement with the bank by which he could overdraw his account, which arrangement existed from the time the check was drawn up to the time it was presented. The hogs were sold to another party, and plaintiffs, who now own the claim sued upon, bring this action for damages. The jury found specifically that the defendant demanded the cash of Forsbeck at the time the hogs were sold, and that the defendant did not take the check as a payment, or part payment. A general

verdict was returned for the defendant, upon which a judgment was entered. Plaintiffs appeal.—*Affirmed.*

*B. I. Salinger* for appellants.

*Byers & Lockwood* for appellee.

KINNE, J.—I. The court instructed the jury that the defendant must fail if the check was taken by him in payment for the hogs. It is contended that the evidence shows that it was so taken, and hence the question should not have been submitted to the jury, and that their special finding to the contrary is without support. Whether the check was taken as constituting a payment was, we think, under the evidence, properly submitted to the jury, and we discover no reason for setting aside their finding in that respect.

II. The court instructed, that plaintiffs must prevail, if the defendant failed to prove that the bank refused to pay the check on account of want of funds, or because it did not recognize the check as binding upon it; also, that defendant must fail, if it appeared that the check was not paid when presented, because of an understanding between the defendant and the bank that it should not be paid until a later date. There is no question, that the evidence of Forsbeck and of the banker, shows that an arrangement existed between Forsbeck and the bank, by which the latter was to pay the checks of the former, regardless of the fact, as to whether Forsbeck had a balance in the bank or not. So, also, it appears from their testimony, that the reason the check was not paid when it was presented was, because of an understanding between them and the defendant, that it should not be paid until January 1, 1894. The banker testifies, that defendant so told him. However this may be, it is not very material, as we think the jury were fully warranted, from the

evidence, in finding that the check was not paid, for reasons other than an agreement that it should not be presented until a later date.    There was in this, as in other respects, a conflict in the evidence; and, if the jury believed the defendant, the check was not paid, for the reason that the drawer had no funds in the bank to meet it.

III.    Defendant claims that it was agreed at the time the check was given him that it need not be promptly presented, but might be presented at his pleasure.    It is said that it was error to admit the evidence, as it tended to contradict the terms of the check itself.    This evidence in no way violated the well-known rule as to changing or altering written instruments by parol evidence of contemporaneous transactions.    It is always held that a verbal agreement between the payee and the drawer of a check, contemporaneous with its execution and delivery, that the former will not present it to the drawee for payment until a time agreed upon, may be shown, and, if established, is an excuse for a delay in presenting it until the time specified.    Daniel, Neg. Inst. section 1598; *Woodruff v. Plant*, 41 Conn. 344; *Compton v. Gilman*, 19 W. Va. 312; *Holmes v. Roe*, 62 Mich. 199 (28 N. W. Rep. 864); *Pollard v. Bowen*, 57 Ind. 232; *Barclay v. Weaver*, 19 Pa. St. 396.

IV.    Finally, it is urged that diligence was not used by the defendant in notifying Forsbeck.    This question was submitted to the jury under proper instructions, and they have found against the plaintiff, We do not think we should disturb their finding.— AFFIRMED.

DEEMER, J., takes no part.