F. A. SLUMP, Appellee, v. ED. BLAIN et al., Appellants.

**LANDLORD AND TENANT:** False Representations—Acreage—Evidence. Evidence reviewed, and held insufficient to show false representation by a landlord as to the acreage in the leased premises, and, if sufficient, that the lessee did not rely thereon.

**FRAUD:** False Representations—Scienter. *Knowledge* of the falsity of representations is an essential element of an action at law for damages for false representation.

**EVIDENCE:** Parol as Affecting Writing—Contracted Consideration. Parol evidence, to prove that the consideration distinctly contracted in writing to be paid is different than as recited, is wholly inadmissible.

PRINCIPLE APPLIED: Defendant distinctly contracted, in a written lease, to pay $1,050 per year for a named tract of land. Sued for the rent, the lessee claimed that before, and at the time, the lease was signed, the lessor orally agreed to have the land surveyed, and to deduct from the rent a certain amount for each acre which the land fell short of 185 acres. There was no evidence tending to show that such sum was the result of computation at a specified sum per acre. *Held,* the offered oral evidence was inadmissible.

*Appeal from Pottawattamie District Court—*A. B. THORNELL, Judge.

THURSDAY, JUNE 29, 1916.

ACTION on a promissory note resulted in a directed verdict and judgment against defendant, from which he appeals. —*Affirmed.*

*Ine D. Shuttleworth,* and *Genung & Genung,* for appellants.

*Preston & Dillinger,* for appellee.

LADD, J.—On October 25, 1910, plaintiff and defendant entered into a contract, by the terms of which the former leased to the latter "the southeast quarter of Section 6 and the northwest quarter of the northwest quarter of Section 7, in Township 75, Range 38, containing 185 acres, more or less, situated in Pottawattamie County, Iowa, for the term of one year commencing on the first day of March, 1911, to end on the first day of March, 1912, at the rental of $1,050 to be paid as follows, to wit: $525 on the first day of October, 1911, and $525 on February 20th, 1912, as evidenced by two promissory notes of second party bearing even date herewith."

1. LANDLORD AND TENANT: false representations: acreage: evidence.

Among other conditions, the rent was to be paid at the Citizen's State Bank at Oakland, and it was stipulated that the lessee "hereby agrees to pay as the rent of said premises, for said term, the sum of $1,050 in the manner and at the times above specified." Promissory notes were executed accordingly. On December 16, 1911, the lease was extended another year, by endorsing thereon a stipulation in words following:

"By mutual consent, the within lease is hereby extended for the period of one year from March 1st, 1912, on the same terms and conditions as heretofore, new notes for rental having this day been executed by second party herein."

This was signed by the parties and notes executed accordingly, and, on May 5, 1913, another endorsement was made.

"By mutual agreement, this lease is hereby extended for a term of one year from and after March 1st, 1913, on the

same terms and conditions as herein contained, new notes having been signed this day.''

This also was signed and notes executed. All rent notes were paid in full, except a balance of $178.60 on the note of $525 becoming due February 20, 1914, and to recover such balance this suit was brought. The defense interposed was that, at the time of and prior to signing the lease, the lessor expressed a doubt as to whether the farm contained 185 acres, and thought it might be an acre or an acre and a half short, and promised that he would have the land surveyed and deduct $5.67 for every acre short from the rental stipulated, and that, later in the year and before the rent was paid, he agreed the same as before, and again upon each extension of the lease. The two theories of the defense, as pleaded, are: (1) That each of these oral agreements was additional to that in writing, the contract being partly written and partly in parol, and that, as so resting, it was extended each time; and (2) that the representations with respect to there being about 185 acres, and promises of survey, constituted a fraud on defendant.

I.   The evidence cannot be said to sustain either theory. Though plaintiff may have been aware of a shortage, he was not shown to have known of any greater amount than disclosed to defendant. Moreover, defendant, with the help of one Smiley, in the fall of 1911 and prior to the payment of any rent, undertook to measure the land by use of barn bats nailed together so as to be about 33 feet long, and, as they testified, there was a shortage of nearly 12 acres. With such knowledge, he paid the rent notes of the first year without objection, and executed the two extension agreements. He could not, then, have relied on any representation that there were 185 acres of land, or an acre or so less, in extending the lease either time.

Nor do we think the evidence such as to have justified a finding that any fraud was perpetrated in inducing defendant

to enter into the original agreement. The plaintiff suggested a shortage of an acre or an acre and a half,

2. FRAUD: false representations: scienter. and there was no evidence tending to show that he was aware that it was any more. In other words, there was no proof of *scienter*. *Parkinson v. Kortum*, 148 Iowa 217. Indeed, the suggestion of a survey advised the defendant of the possibility of a greater shortage, and, in the light of the record, a finding of deceit would have been unsupported by the evidence.

II. Nor do we think the oral evidence of the promise alleged was admissible. By the terms of the lease, defendant undertook to pay a lump sum for the use of the land, and such agreement was repeated in the course of the

3. EVIDENCE: parol as affecting writing: contracted consideration. instrument. There was no evidence tending to show that such sum was the result of computation at a specified sum per acre. The conversation sought to be proven tended to show an oral agreement that a different amount should be paid as rent, i. e., the sum stipulated, less $5.67 per acre for the difference between 185 acres and the acreage of land in the farm. Such evidence, manifestly, tended to vary and contradict the provisions of the written contract. That an expressed consideration named in a written agreement cannot be altered by parol evidence when the consideration is contractual and not merely formal, is well settled. *Lane v. Richards*, 119 Iowa 24; *Mosnat v. Uchytil*, 129 Iowa 274. As said in *Kelly v. Chicago, M. & St. P. R. Co.*, 93 Iowa 436:

"The consideration for the benefit derived is expressed in the lease and is no more subject to parol modification than any other condition therein contained."

The amount to be paid for rent was clearly stated, and parol evidence tending to prove a different understanding at the time of or prior to the execution of the written lease was not admissible. *Miller v. Morine*, 167 Iowa 287; *Lerch v. Sioux City Times Co.*, 91 Iowa 750. This is not a case of an agreement partly oral and partly written, but one where it is

sought to prove orally that the consideration promised to be paid was different from that recited in the written agreement. The authorities are practically unanimous that this may not be done. The contemporaneous and prior oral arrangements bearing on the same subject are conclusively presumed to be merged in the terms of the written instrument. Any subsequent agreement to accept less than the rental stated in the lease was without consideration. The facts do not bring the case within any of the exceptions noted in *Lavalleur v. Hahn,* 152 Iowa 649.—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.