MAUDE ARMSTRONG, Appellee, v. B. J. CAVANAGH, Appellant.

EVIDENCE: Parol as Affecting Writing—Subject-Matter Not Covered by Writing. Evidence of an oral contract, contemporaneous with a written contract, but on a subject-matter on which the written contract is silent, is not violative of the parol evidence rule.

PRINCIPLE APPLIED: A tenant rented, by written lease, a specified apartment in an apartment house at a specified rental. The only reference in the lease to garage privileges was: "An extra charge of $5 per month without heat and $7.50 per

month with heat, per car in the garage." This clause was in-
serted in the lease at the instance of the tenant. The garage
apartment was in the rear of the apartment house, and on the
same lot. *Held*, the tenant might show that, contemporaneous-
ly with the signing of the lease, he had an oral contract with
the landlord by which he (the tenant) agreed to use the
garage, and the landlord agreed to heat it to a degree sufficient
to prevent freezing.

*Appeal from Des Moines Municipal Court.*—ESKIL C.
CARLSON, Judge.

MARCH 18, 1918.

PLAINTIFF and defendant, on the 11th day of September,
1916, entered into a written lease for an apartment on the
third floor of the Wright Building, in Des Moines, Iowa.
This is an action to recover rent therefor. The defendant,
in answer, alleged an oral contract to lease room in plain-
tiff's garage, situated upon the same lots and in the rear
of the apartment house, for his automobile, and that, by
the terms thereof, plaintiff agreed to furnish sufficient heat
to protect his automobile from damages on account of the
weather; that he placed his automobile in said garage on
or about the 13th day of November; that he was, there-
after, absent from the city until the 17th, and, upon his
return, found the water in the radiator frozen, resulting
in damages to his automobile in the sum of $286. He asks
that this amount be offset against plaintiff's claim for
rent.

The oral contract is denied by plaintiff, who asserts that
the only contract touching the use of said garage was the
written lease, which contained the following language: "An
extra charge of $5.00 per month without heat and $7.50 per
month with heat per car in the garage." These words were
written in the lease by defendant at the time same was
signed by him. Defendant took the stand in his own behalf;
but the court, upon objection of counsel, refused to permit

him to testify to the alleged oral lease, or to the damages to his automobile, on the ground that the written lease was complete and unambiguous, and that the evidence offered tended to vary and contradict its terms; and, at the close of the testimony, instructed the jury to return a verdict for plaintiff.

Defendant then offered to prove that, when the written lease was presented to him by plaintiff's husband, it was prepared for signatures; that the question of using the garage, and its heating, were discussed, and the price for the use thereof agreed upon, as above stated; that later, the defendant called plaintiff and talked with her over the telephone concerning the use of said garage and the conversation and arrangement made with her husband that the garage would be properly heated at all times, and that plaintiff replied that the matter would be attended to, and the garage heated when necessary; that, in September or October, he again called plaintiff's attention to the matter of heating the garage, and was assured that heat would be supplied; that, after the water in the radiator froze, plaintiff informed him that she had depended upon her husband to turn on the heat, but that it had been overlooked or neglected.— *Reversed.*

*B. J. Cavanagh, pro se,* and *A. K. Little,* for appellant.

*Guy A. Miller,* for appellee.

STEVENS, J.—The objection urged to the admissibility of the testimony offered on behalf of the defendant was that same sought to vary, contradict, and add to the terms of the written contract. It is, of course, elementary that evidence to do this is inadmissible; but it is the contention of counsel for defendant that, while the oral contract was discussed and agreed upon at the time the written contract was signed, it is, nevertheless, separate and distinct therefrom, and is in no sense covered thereby.

By reference to the written lease, it will be found that the leased premises are described as: "Apartment No. Five, Third east of the Wright Building, situated at 3612 Ingersoll Avenue, Des Moines, Iowa." From the evidence it appears that this apartment is on the third floor of the building. The lease does not purport to cover the lots on which the building is situated, and includes only the apartment in question, with, of course, the implied right of ingress and egress. The evidence further disclosed that the garage was located on the same lots as the apartment house, and in the rear thereof. The lease does not, in terms, include garage privileges, nor is there anything therein from which an implied right to use the same appears, unless from the clause quoted above. There is no agreement on the part of plaintiff to lease garage privileges to defendant, nor does he agree to use the same or pay rent therefor. The lease does no more than fix the price for the privilege of using space for defendant's automobile. No obligation rested upon the defendant to use the same or pay rent therefor, unless he kept his car therein.

If a contract existed between the parties, requiring plaintiff to furnish, and defendant to pay for, the use of the garage, it must have been independent of the written contract. The rental to be paid for the apartment was definitely fixed, and, in case defendant placed his car in the garage, he was to pay extra therefor, at the rate of $5.00 per month without heat, and $7.50 with heat. Clearly, plaintiff assumed no obligation to furnish heat, nor did she undertake to keep the garage warm, so as to prevent the defendant's automobile from freezing. Unless the evidence offered by defendant tended to vary, contradict, or add something to the written lease, it could not be excluded upon the ground that it tended to have this effect. The instrument contained no provision as to when the defendant would place his car in the garage, nor the extent to which same would be heated,

nor when the rental should be paid. The offer made by defendant was to show that, prior to the time he signed the written lease, plaintiff notified him that she would send the same by her husband, who was authorized to transact the business for her and to make arrangements for the renting and leasing of the apartment and garage; that, at the time of signing said instrument, the matter was fully discussed by Mr. Armstrong and the defendant, and it was agreed that plaintiff would furnish the heat for said garage necessary to protect defendant's automobile from freezing; that a rental of $5.00 per month was to be paid in advance, and the additional $2.50 per month, for the time when heat was required, at the end of the winter season, when the full amount due was known; that, subsequently, defendant talked with plaintiff over the telephone, repeating to her, in substance, the conversation had with her husband, and she then informed him that the arrangement was satisfactory, and that the heat would be furnished whenever it was necessary for the protection of the car, and agreed to the time and manner of payment of the rental for said garage; that, between the 11th of September and the 1st of October thereafter, defendant again talked with plaintiff about the matter of heating the garage, at which time he informed her that he might desire to move into the apartment shortly before the 1st of October, and requested her to be sure and furnish sufficient heat for the protection of the car; that he was keeping the same in the city, in Leachman & Claiborne's heated garage; and that he wanted to be sure that the garage would be heated.

Was this evidence improperly excluded by the court? Manifestly, upon defendant's theory, the written contract did not contain the full agreement of the parties. It was complete in so far as it related to the apartment, but did not purport to include the garage. The oral contract alleged by defendant did not tend to alter, vary, or contradict a word

or sentence of the written instrument, but related wholly to a matter concerning which the written instrument was silent, except for the clause quoted above. Parol evidence of a contemporaneous, collateral agreement not purporting to be included in the written agreement is not inadmissible upon the theory that it tends to vary, alter, or contradict the terms of the written instrument, for the reason that it does not do so. The written lease referred to an apartment, the alleged oral agreement to a garage, and the two were wholly separate and distinct in their terms and character. The evidence offered by the defendant of the alleged oral contract should have been received, and it was error for the court to exclude same. *Hall v. Barnard*, 138 Iowa 523; *Ingram v. Dailey*, 123 Iowa 188; *Peterson v. Chicago, R. I. & P. R. Co.*, 80 Iowa 92; *Murdy v. Skyles*, 101 Iowa 549; *Sutton v. Griebel*, 118 Iowa 78; *Anderson v. Thero*, 139 Iowa 632; *Horner v. Maxwell*, 171 Iowa 660; *Witthauer v. Wheeler*, 172 Iowa 225; *Chicago Tel. & Sup. Co. v. Marne & Elkhorn Tel. Co.*, 134 Iowa 253.

It therefore follows that the court committed error in excluding the testimony of the defendant, and the judgment of the lower court must be reversed.

Other questions discussed by counsel do not properly arise upon this appeal, and we need not consider them.— *Reversed.*

Preston, C. J., Ladd and Gaynor, JJ., concur.