418 BANWART v. SHULLENBURG. [190 Iowa

---

GEORGE BANWART, Appellant, v. GEORGE W. SHULLENBURG, Appellee.

**EVIDENCE:** Parol as Affecting Writings—Oral Modification of Lease. A *written* lease at a specified rental may not be *orally* modified to show that the landlord agreed to do certain other things, in addition to turning over the premises to the tenant: i. e., that he orally agreed to make certain improvements on the leased premises. This illustration holds good even though written lease provides ''that the tenant shall haul all material used in improvements on the premises.''

*Appeal from Palo Alto District Court.*—JAMES DE LAND, Judge.

DECEMBER 21, 1920.

ACTION to recover damages for the breach of an alleged verbal agreement to improve premises leased by the defendant to plaintiff. Judgment was entered in the court below upon the verdict of the jury by direction of the court in favor of the defendant, and against the plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*Davidson & Burt* and *E. A. & W. H. Morling,* for appellant.

*McCarty & McCarty,* for appellee.

Stevens, J.—It appears from the pleadings that plaintiff and defendant, on November 10, 1915, entered into a written lease, whereby the defendant leased to plaintiff the northwest quarter of Section 18, Township 94, Range 31, Palo Alto County, Iowa, for the term of one year, commencing March 1, 1916, for the agreed cash rental of $500, to be paid, $250, October 15, 1916, and $250, January 15, 1917; and that another lease, identical in form, was entered into between the parties, also for one year, commencing March 1, 1917, for a cash rental of $600, $300 payable October 15, 1917, and $300 payable January 15, 1918.

Plaintiff's petition, filed on August 19, 1918, is in six counts, and alleges that, as a part of the terms of the first lease, the plaintiff agreed to haul for the defendant, free of charge, all materials used in improving the place during the life of the lease; that the farm was wet, and required considerable tiling to make it tillable; that there were not sufficient barn buildings for stock or storage room for crops upon said premises; and that the defendant orally agreed to complete an addition to the barn, and erect a hog house, corncrib, and granary, and to have the same completed before plaintiff moved thereon, except that he agreed to have the corncrib and granary complete and ready for use when needed; but that defendant failed and neglected to complete the hog house during the term of the lease; that the corncrib and granary were not completed until after the plaintiff had gathered his corn, in the late autumn of 1916, thereby depriving him of the use thereof; that, because of the failure of the defendant to carry out and perform his two oral agreements, plaintiff suffered loss and damages in the sum of $200.

It is further alleged that the defendant also agreed to complete certain tiling he then had under way on the south 80 acres of the farm, in the fall of 1916, and to complete the tiling thereof early in the spring of 1917, and in time to put the ground in suitable condition for planting corn; but that he wholly failed and neglected to complete the same, and to put in additional tiling, as agreed, so that the ground was wet and unfit for cul-

tivation in the spring of 1917; and that, because thereof, he suffered loss and damage in crops and extra work, to the amount of $800. The allegations of Count 2 relate to improvements during the life of the lease commencing March 1, 1917, and relate to the same, or to matters of a similar nature. In Count 5 of the petition, after making the allegations of Counts 2 and 3 a part thereof, plaintiff alleged that the defendant purposely neglected and delayed the completion of the improvements which he agreed to make, the making of which was an inducement to plaintiff to sign said leases, and upon which he relied, to the defendant's own gain and advantage; that plaintiff was thereby fraudulently deprived of a large part of the use and benefit of the farm during the years for which he occupied the same, all to his damage in the sum of $1,500. In Count 6, after making the allegation of Counts 1 and 2 a part thereof, the plaintiff further alleged that, in reliance upon the covenants and agreements of the defendant therein alleged, he performed all of the obligations imposed upon him by the written lease, and also a large amount of work in the nature of breaking up prairie, hauling tile, and distributing it along the ditches, filling the trenches, removing rock, and hauling material for new buildings and improvements; and that, by reason thereof, he suffered inconvenience and extra expense of laborers to his damage in the sum of $600. Counts 4 and 5 of the petition were mutually settled and compromised by the parties.

The defendant, for answer, denied the allegations of plaintiff's petition, admitted the execution of the written leases, averred that, if plaintiff suffered loss or inconvenience because the improvements referred to were not made or completed, as alleged by him, it was due to his neglect and failure to haul materials and to complete tile ditches, as required by the written lease.

The question presented for decision involves only the so-called "parol evidence rule." Both leases, as we understand the record, provided that:

"Second party hereby agrees to haul out, free of charge to first party, all materials used in improving the place during the life of this lease. Second party agrees to haul out, free of charge the tile to be used on the farm during the life of this

lease, said tile to be put in after March 1st, 1916. Second party hereby agrees to fill all tile ditches on place from the date of this lease until the termination of same.''

Plaintiff sought, upon the trial, to introduce evidence in support of the terms of the alleged oral agreements; but, upon objection of counsel for defendant that this evidence tended to vary, modify, and contradict the written contracts, the court declined to admit the same. Cases illustrating the application of this rule of evidence are exceedingly numerous, and no doubt are, to some extent, lacking in consistency. Without assuming the unnecessary task of classifying and differentiating the following cases decided by this court, commencing with *Lister v. Clark*, 48 Iowa 168, in some of which parol evidence was held admissible, and in others, not, they will serve to illustrate the variety of controversies in which the question has been discussed by this court. It was held in all of them, however, that parol evidence, in the absence of allegations of fraud, accident, or mistake, is not admissible to vary, alter, or contradict the terms of a written instrument. *Gray & Forsbeck v. Anderson*, 99 Iowa 342; *Murdy v. Skyles*, 101 Iowa 549; *Harvey v. Henry*, 108 Iowa 168; *Mt. Vernon Stone Co. v. Sheely*, 114 Iowa 313; *Oakland Cemetery Assn. v. Lakins*, 126 Iowa 121; *Sutton v. Weber*, 127 Iowa 361; *Willis v. Weeks*, 129 Iowa 525; *Kelsey v. Continental Cas. Co.*, 131 Iowa 207; *Doolittle v. Murray & Co.*, 134 Iowa 536; *Plover Sav. Bank v. Moodie*, 135 Iowa 685; *Wells v. Hocking Valley Coal Co.*, 137 Iowa 526; *Anderson v. Thero*, 139 Iowa 632; *Chamberlain v. Brown*, 141 Iowa 540; *Bobzin v. Gould Bal. Valve Co.*, 140 Iowa 744; *Canfield Lbr. Co. v. Kint Lbr. Co.*, 148 Iowa 207; *Kurtz v. Payne Inv. Co.*, 156 Iowa 376; *Guthrie Ice Co. v. Selby*, 166 Iowa 474; *Ball v. James*, 176 Iowa 647; *Armstrong v. Cavanagh*, 183 Iowa 140.

The facts in this case seem, however, to bring it within the rule of *Miller v. Morine*, 167 Iowa 287; *Kelly v. Chicago, M. & St. P. R. Co.*, 93 Iowa 436; *Lerch v. Sioux City Times Co.*, 91 Iowa 750; *Slump v. Blain*, 177 Iowa 239; *Larson v. Smith*, 174 Iowa 619; *Witthauer v. Wheeler*, 172 Iowa 225; *Electric S. B. Co. v. Waterloo, C. F. & N. R. Co.*, 138 Iowa 369; *First Nat. Bank v. Snyder Bros.*, 79 Iowa 191.

The facts involved in *Miller v. Morine*, in which our hold-

ing in *Kelly v. Railway Company* and *Lerch v. Times Co.*, cited above, was sufficiently reviewed, are quite analogous to the facts in the case before us. In that case, the defendant, against whom the lessor had commenced suit for rent, alleged and sought to show that the plaintiff orally agreed to tile and drain the leased premises, and that he had failed to do so, to his damage. The lease contained no provision with reference to tiling or draining the farm. The defendant agreed to pay $2,000 per year as rental for the use of the farm. Speaking to the point under consideration, the court said:

"Under the written lease, the $2,000 rental was the consideration which the defendant agreed to pay for plaintiff's performance of the covenants of the written lease. Under the oral agreement, an additional covenant was laid upon the plaintiff for the same consideration, $2,000. Such an increase of the burden of obligation of the contract upon the plaintiff, and of the benefit thereof upon the defendant, was necessarily an alteration of the contract, as set forth in the written lease. * * * Appellee cites for our consideration a number of our cases wherein we have held parol evidence to be admissible, in the presence of written instruments. They all deal with exceptions to the general rule. Generally speaking, such exceptions arise as a circumvention to fraud in some form, either as to the execution or as to the delivery of the instrument, or where the written contract is incomplete upon its face or ambiguous in its terms, or the oral agreement is independent and collateral, and rests upon its own mutual considerations. None of such exceptions are involved in the case at bar. No fraud is pleaded, and no approach to fraud is shown in the evidence."

The law is settled in this state that, where the consideration upon which a written instrument rests is clearly therein expressed, such consideration cannot be varied or altered by parol. *Lane v. Richards,* 119 Iowa 24; *Gelpcke, Winslow & Co. v. Blake,* 19 Iowa 263; *Slump v. Blain,* 177 Iowa 239; *First Nat. Bank. v. Snyder Bros.,* supra.

Evidence of collateral oral agreements relating to matters not covered by the written agreements, or collateral to the writing, and serving as an inducement for the execution thereof, is admissible. It is also permissible to show that, by reason of a

collateral parol agreement, there was a want or failure of consideration for a written contract; that the delivery of a written instrument, absolute in its terms, was conditional upon a collateral parol agreement, providing a contingency upon which it was to become effective; and that a written contract has been discharged in accordance with the terms of a collateral oral agreement differing from those contained in the written instrument. *Sutton v. Griebel,* 118 Iowa 78.

The alleged oral agreements upon which plaintiff's cause of action is based, and to sustain which the excluded evidence was offered, obligated the defendant to tile and drain 80 acres of the land, to complete new improvements, and to add to those already upon the premises. Neither of the leases by their terms so bound him. The consideration expressed in the first lease was the payment of $500 as rent, and in the second lease, $600. If the contention of counsel for appellant should be affirmed, the defendant in this case will be compelled, as the plaintiff in *Miller v. Morine,* supra, would have been, to assume and perform covenants and obligations not mentioned in the written lease for the same consideration as that therein expressed. A written contract is universally presumed to include all prior negotiations or agreements of the parties, and, in the absence of fraud or mistake, is conclusive between them. *Larson v. Smith,* supra.

The petition does not allege fraud, accident, or mistake. The provisions of the lease are complete and unambiguous. Defendant does not thereby assume or agree either to tile and drain the land or to erect new improvements or otherwise to improve the same. Plaintiff agreed, however, in both leases, to haul all material used in making improvements on the farm during the life thereof, and to fill up all tile ditches. These obligations may have been assumed by the plaintiff in contemplation of certain improvements of the land by drains, and by the erection of the buildings thereon referred to in his petition; but this does not expressly or impliedly bind the defendant to tile or otherwise improve the farm, nor may other covenants and obligations be added thereto by parol, to give other effect thereto than is stated therein. The parties are conclusively presumed to have fully covered and included in the written contracts all of the provisions intended to be made a part thereof. To permit the in-

troduction of parol evidence to prove the alleged parol agreements would clearly violate the rule stated. We therefore hold that the evidence offered was properly excluded, and the judgment of the court below is—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.