W. T. S. RATH, Appellant, v. BEN SCHOON et al., Appellees.

**EVIDENCE:** Parol as Affecting Writings—Uncertain and Ambiguous Contract Clause. In the quest for the real meaning of an *uncertain and ambiguous* clause of a written contract, the court may resort to parol evidence of the conversations, statements, circumstances, and conduct of the contracting parties relative to the subject-matter of such clause. So held as to a written lease which provided that ''said lessor agrees to have some tiling done on the premises and said lessee agrees to haul all the tile * * *. Lessor does not agree to make any other improvements.''

*Appeal from Franklin District Court.*—G. D. THOMPSON, Judge.

APRIL 5, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION to recover unpaid rent under a written farm lease. Defendants filed counterclaim for damages for failure of landlord to tile the land. Verdict of jury in favor of defendants. Plaintiff appeals.—*Affirmed.*

*F. J. McGreevy,* for appellant.

*Andrews & Leming,* for appellees.

DE GRAFF, J.—Plaintiff leased in writing to the defendants his farm of 320 acres, located in Franklin County, for a term of three years, beginning March 1, 1916, at an agreed annual rental.

The issues of fact disclosed by the pleadings are: (1) A claim by plaintiff for unpaid rent in the sum of $295, which is admitted by defendants. (2) Damages for failure of lessee

to eradicate weeds and to haul out manure on the premises.
(3) A denial by defendants of anything due plaintiff. (4) A
counterclaim by defendants for failure of plaintiff to do the
tiling which had been agreed upon by the parties.     (5) A
claim for board furnished plaintiff's carpenters.

The controverted issues were submitted to the jury, and
a verdict returned in favor of the defendants.

One sentence in the written lease is the provoking cause
of this suit, and it is necessary to understand the nature of
defendants' counterclaim, to appreciate the respective claims
of the parties on this appeal.

Defendants allege that, prior to the making of the lease,
plaintiff and defendants agreed that certain parts of the farm
should be tiled; that they went over and examined the premises,
for the purposes of ascertaining where the tiling should be
done; that plaintiff pointed out certain specified land that he
would tile, and so stated to the defendant Ben Schoon; that
he said he would also do certain specified tiling on the pasture
land, and that he would connect by lateral tile with the main
tile all the low places in the pasture where water stood; that
plaintiff also pointed out about 30 acres of land not included
in the pasture, that was too wet for cultivation, and stated
that he would tile out this, so as to make it tillable; that plaintiff
stated he would do this tiling during the first year of the lease
(1916); that, as a result of this conversation and negotiation,
the lease was executed; that defendants did haul 26 loads of
16-inch tile to the premises, but that plaintiff abandoned the
tiling, and failed and refused to lay it, as agreed; that, by
reason of the failure so to do, the defendants were damaged
in their leasehold rights for the years 1917 and 1918, in the
sum of $800.

Plaintiff, in reply, denied the allegations; alleged that the
terms of the lease were in writing, and that no other or different
agreement was made than therein contained; and further
averred that the failure to tile was due to defendants' refusal
to haul the tile.

The paragraph of the lease over which this controversy
arises reads as follows:

"Said lessor agrees to have some tiling done on the prem-

ises, and said lessee agrees to haul all the tile from the station to where needed on the farm without cost of lessor. * * * Said lessee further agrees to keep the ditches and the outlets to the drains on said land open and free of weeds. Said lessor does not agree to make any other improvements during the term of lease, but in case he should decide to do so lessee agrees to haul the material and do the labor without charge."

Was the evidence offered and introduced by defendants in support of their counterclaim competent? This is the primary question.

In cases of this character, we are confronted with a multitude of decisions involving the application of the parol evidence rule. We will not attempt to differentiate these cases, but many may be found in our reports, from *Lister v. Clark*, 48 Iowa 168, to *Banwart v. Shullenberg*, 190 Iowa 418.

Courts are and should be reluctant to open new doors, in applying rules of evidence. *Miller v. Morine*, 167 Iowa 287. The species known as exceptions in nearly every evidentiary genus are quite numerous, but new varieties by ingrafting are of slow growth. Many of the so-called exceptions to the parol evidence rule, however, are not strictly exceptions, but are substantive rules of evidence.

A written contract is presumed to be a finality, and a party may not prove by parol a provision or condition foreign to any of the terms of the written instrument. *Lerch v. Sioux City Times Co.*, 91 Iowa 750; *Kelly v. Chicago M. & St. P. R. Co.*, 93 Iowa 436; *Lane v. Richards*, 119 Iowa 24.

If the written contract is complete in all its parts, and its terms are neither uncertain nor unambiguous, then parol evidence is inadmissible. In the *Banwart* case, supra, the written lease contained no provisions relative to tiling or draining the farm; and it was said that to admit evidence to prove the alleged oral agreement would increase the burden of obligation of the contract, and necessarily constitute an alteration of the agreement set forth in the lease. The law does not recognize a contract partly written and partly oral, unless the oral contemporaneous agreement collateral to the writing served as an inducement for the signing thereof. Proof of conditions of execution and delivery is not a contravention of the parol

evidence rule, since the essence of delivery is the intent of the parties. If this were not the rule, the stamp of judicial approval would frequently be placed upon fraudulent transactions.

Did the trial court in the instant case err in permitting the introduction of parol evidence to explain a clause in the lease which, without an explanation, is uncertain and ambiguous?

If the terms are ambiguous and require explanation, then we must look to the conversations, statements, circumstances, and conduct of the parties, as an aid in the construction of the written instrument. *Chamberlain v. Brown*, 141 Iowa 540; *Kelly & Mahon v. Fejervary*, 111 Iowa 693.

Let us turn for a moment to the record, which, however, is not free from conflict in the testimony. The defendant was contemplating the leasing of plaintiff's farm. They inspected it together, discussed its defects, talked remedial treatment, and finally agreed on the terms of the lease. The matter of tiling was talked over, and it was agreed that certain wet lands should be tiled. To express the agreement with reference to tiling, there was written into said lease:

"Said lessor agrees to have some tiling done on the premises and said lessee agrees to haul all the tile from the station to where needed on the farm without cost of lessor."

In order that there might be no mistake about the undertaking, it was further agreed that the lessor "does not agree to make any other improvements during the term of the lease."

It is further shown that plaintiff engaged the services of an engineer to stake out said tiling, and that the engineer did make a survey for that purpose, and set the stakes. Plaintiff purchased two carloads of tile, and defendant hauled to the land 26 loads. He also employed a tile ditcher, in the fall of 1915, to lay this tile, and "some tile" was placed, when a misunderstanding arose between the plaintiff and the ditcher, and the latter quit the job.

These facts disclose that the plaintiff had in mind the real intention of the lease. Quite an extensive system of tiling was planned, surveyed, and started, all on account of the words "some tiling," used in the lease.

We cannot hold this lease void in part for uncertainty. It is not incurably uncertain by reason of a patent ambiguity. To discover the real meaning and intention of the parties is the very purpose and the primary object of judicial interpretation in cases of this character.

The circumstances under which the lease was made, the condition of the premises, the inducing cause leading up to the execution of the contract, are the media by and through which the language of the contract may be construed, and its meaning and intent declared. This principle is in accord with well considered cases, and in the application of it, justice will be more nearly attained.

We conclude, therefore, that the trial court was not in error in the admission of the testimony offered in explanation of the tile paragraph of the lease, the terms of which are uncertain and ambiguous.

Other matters are discussed in brief and argument, but they involve fact questions purely. It is the special province of the jury to decide such questions. We have considered the other points stated by appellant, but find no reversible error therein. They are incidental to the main contention to which this inquiry has been directed.

The instructions given by the court were in harmony with the correct theory of the case. The credibility of the witnesses and the weight to be given their testimony were questions for the jury to consider and determine. The judgment entered by the trial court is—*Affirmed*.

PRESTON, STEVENS, and ARTHUR, JJ., concur.