W. S. JONES, Appellant, v. W. R. SARGENT et al., Appellees.

**EVIDENCE:** Parol as Affecting Writings—Parol Modification of Lease.
1  A written farm lease, providing for a specified cash rental, and containing, among other provisions, an agreement that the landlord should furnish "a supply tank and three drinking tanks," may not, in the absence of fraud, accident, or mistake, be enlarged by an oral contemporaneous agreement to the effect that the landlord should also furnish and provide *a specified water supply for the tenant's stock.*

**LANDLORD AND TENANT:** Nonrecovery for Performing Contract
2  **Obligation.** Manifestly, a tenant may not recover for the value of services which he has agreed to perform in consideration of the use of the premises.

*Appeal from Cass District Court.*—EARL PETERS, Judge.

JUNE 23, 1922.

ACTION by a tenant, to recover damages from a landlord. The petition is in two counts, which are more specifically set out in the opinion.—*Affirmed.*

*Preston & Dillinger,* for appellant.

*Swan, Clovis & Swan,* for appellees.

FAVILLE, J.—I.  On or about October 27, 1919, the appellant and appellees entered into a written. contract, whereby the appellees leased to the appellant a farm of 320 acres, for an

1. EVIDENCE: parol as affecting writings: parol modification of lease.

agreed rental of $3,500 a year.

In the first count of his petition, the appellant alleges the execution of said written lease, and attaches to his petition a copy thereof.  He alleges that, prior to the execution of said written lease, the parties entered into negotiations with regard to the renting of said land, and that at said time there was a stock well located on said premises, equipped with windmill, pipes, and hydrants connecting said well with different tanks in feed yards.  He alleges that at said time it was known to both parties that said well was dry, or nearly dry, and did not furnish enough water to supply the stock which appellant intended to keep upon the premises. The appellant then alleges that:

"The defendants orally agreed with plaintiff that, if plaintiff would lease the said premises under the terms and conditions of said Exhibit A, hereto attached, that they, defendants, would furnish the plaintiff a sufficient supply of water for plaintiff's stock at the feed yards, at the locality where the dry well above referred to was situated, and to connect said supply of water with the windmill, pipes, and tank then connected with the old well, and the plaintiff agreed to so rent said premises, if defendant would so furnish such supply of water for his stock at said location."

Other allegations of said count are to the effect that the appellant took possession of said premises, and that the appellees failed and neglected to rebuild said well, or dig a new one,

and to furnish a sufficient supply of water for appellant's stock. Damages are sought to be recovered because of said failure.

The lease contains numerous provisions. It specifically provides that, in consideration of the leasing of the premises, the tenant covenants to pay cash rent in specified amounts and at designated times. It also provides that:

"Party of the first part to provide a supply tank and three drinking tanks, also to build a hog house and material for hog fencing for pasture."

The appellees demurred to said first count of the petition, on the ground that it did not set forth a cause of action against the appellees, for the reason that "there is no provision in said written lease that the said defendants will do the things alleged, to wit, furnish a water supply, as stated," and on the ground that evidence of "such oral agreement would modify, add to, change, and contradict the terms of said written lease."

Appellant's contention is that two separate and distinct contracts were entered into between the parties: one, the written contract of lease, the other, a contemporaneous oral contract, by which it was claimed the appellees agreed to furnish a supply of water on said leased premises. Appellant contends that said latter alleged oral contract was an inducement for the execution of the written contract.

We have recently had occasion to consider the question herein presented, in the case of *Banwart v. Shullenburg,* 190 Iowa 418. In that case, as in the instant case, the parties entered into a written contract for the leasing of a farm at an agreed cash rental. The petition in said cause alleged:

"That there were not sufficient barn buildings for stock or storage room for crops upon said premises; and that the defendant orally agreed to complete an addition to the barn, and erect a hog house, corncrib, and granary, and to have the same completed before plaintiff moved thereon, except that he agreed to have the corncrib and granary complete and ready for use when needed."

It was alleged that the landlord had failed and neglected to complete the hog house during the term of the lease, or the corncrib and granary when needed for use, and damages were

sought for failure to carry out the alleged oral agreement. It was also alleged that the defendant agreed to complete certain tiling on a certain portion of the farm in time to put the ground in suitable condition for planting corn, and that he had failed so to do. The plaintiff sought, upon the trial, to introduce evidence in support of the terms of the alleged oral agreement, which evidence was excluded, upon the objection that it tended to vary, modify, and contradict the written contract. We cited many of our former cases in the opinion in said case, and it is unnecessary to review them again. In the cited case, we said:

"The alleged oral agreements upon which plaintiff's cause of action is based, and to sustain which the excluded evidence was offered, obligated the defendant to tile and drain 80 acres of the land, to complete new improvements, and to add to those already upon the premises. Neither of the leases by their terms so bound him."

In the instant case, the alleged oral agreement upon which appellant's cause of action is based, and to sustain which parol proof would have to be offered, obligated the appellees to furnish the appellant a sufficient supply of water for appellant's stock at the feed yards at the locality where the well referred to was situated, and to connect said supply of water with the windmill, pipes, and tanks then connected with said well.

Exactly as in the cited case, the petition in the instant case does not allege fraud, accident, or mistake. The provisions of the lease are complete and unambiguous. The appellees did not thereby assume or agree to furnish the appellant a sufficient supply of water for his stock at the feed yards at the locality where the well was situated, or to connect said supply of water with the windmill, pipes, and tanks. They did agree to provide a supply tank and three drinking tanks, also to build a hog house, and furnish material for fencing. Appellant agreed to haul material used in making improvements on the farm during the continuance of the lease, without charge.

These obligations may have been assumed by the appellant in contemplation of certain improvements in the furnishing of a supply of water by the digging or drilling of a well, but this does not expressly or impliedly bind the appellees to dig a well

or otherwise improve the farm, nor may other covenants and obligations be added thereto by parol, to give other effect thereto than is stated therein.

In the foregoing, we have paraphrased the language used in the *Banwart* case. In it we said:

"The parties are conclusively presumed to have fully covered and included in the written contracts all of the provisions intended to be made a part thereof. To permit the introduction of parol evidence to prove the alleged parol agreements would clearly violate the rule stated."

*Miller v. Morine,* 167 Iowa 287, was a suit for rent. The defendant pleaded an oral agreement to place tile drain on the leased premises, and damages because of the failure so to do. The theory of the defendant in that case was that the contract of lease was partly oral and partly in writing, and that the oral testimony did not vary or alter the terms of the written lease. We said:

"Under the written lease, the $2,000 rental was the consideration which the defendant agreed to pay for plaintiff's performance of the covenants of the written lease. Under the oral agreement, an additional covenant was laid upon the plaintiff for the same consideration, $2,000. Such an increase of the burden of obligation of the contract upon the plaintiff, and of the benefit thereof upon the defendant, was necessarily an alteration of the contract, as set forth in the written lease."

It is contended by the appellant that these cases are not in point, under the pleading in the instant case. The distinction sought to be made is that in each of said cases the tenant was, in effect, seeking to prove one contract partly in writing and partly in parol, while in the instant case, the appellant is seeking to prove two separate and distinct contracts, one of which, it is claimed, is independent of and collateral to the other. It is argued that the oral agreement was an inducement to the execution of the written contract.

We have set out the allegations of appellant's petition on the subject of the oral agreement to furnish a supply of water. There is no allegation of fraud, accident, or mistake. There is no claim of a collateral, independent contract or agreement.

There is no allegation that the alleged oral agreement to furnish a supply of water served as an inducement to appellant to enter into the written lease.

The appellant's petition presents no more than a case where it is claimed that the parties orally agreed upon the terms and conditions of the leasing of certain real estate, and contemporaneously executed a written lease, and it is now sought to vary, alter, and enlarge the terms of said written instrument by parol evidence. There was but one consideration for the entire contract, and that is recited in the written instrument. The lessors agreed in the written lease to provide a supply tank and three drinking tanks, and also to build a hog house and provide material for fencing for pasture. It is now sought to add to these provisions of the written lease, by parol evidence, a further provision which is of the same general character, and which it is claimed was agreed upon by the parties at the same time, and as a part of the same transaction. This cannot be done.

This case is ruled by *Banwart v. Shullenburg,* supra. The cases of *Witthauer v. Wheeler,* 172 Iowa 225, and *Armstrong v. Cavanaugh,* 183 Iowa 140, relied on by appellant, are clearly distinguishable in their facts. The ruling of the trial court on the demurrer to Count 1 of appellant's petition was correct.

II.   In Count 2 of his petition, the appellant alleges that, while occupying the leased premises, he hauled about 100 loads of lumber, sand, and other material for the construction of a hog house and supply tanks upon the leased premises, and he alleges that, because of the appellees' failure to furnish a sufficient supply of water for appellant's stock, the latter was compelled to and did sell off a considerable portion of his said stock; and he seeks recovery for the reasonable value of his time and labor in hauling said lumber and other building material.

2. LANDLORD AND TENANT: nonrecovery for performing contract obligation.

Appellees filed a motion to strike this count of the petition, upon the grounds that the same was immaterial, irrelevant, redundant, already included in the damages previously set forth, and too remote.

The written lease between the parties was made a part of said Count 2. The said lease expressly provided by its terms

that the appellant should haul all necessary material that the landlord should consider needful to repair said premises, without charge, and also provided that all work or labor performed by the appellant in any way to the advantage of said premises or improvements, including the hauling of any material, should form a part of the consideration for the leasing of said land, and that appellant should receive no other pay therefor than the leasing of said lands.

Appellant sought to recover for his services in doing the identical thing which the written lease expressly provided he should do without charge. Appellees' motion to strike said count of appellant's petition was properly sustained.

The rulings of the trial court complained of were correct, and the action of said court is—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.